Albert Moore v. The State.

No. 6178.    Decided March 30, 1921.

1.—Burglary—Continuance—Want of Diligence—Immateriality of Testimony

Where, upon trial of burglary, the application for continuance showed a want of diligence and the immateriality of the absent testimony, the same was properly overruled.

2.—Same—Circumstantial Evidence—Charge of Court—Identity.

Where upon trial of burglary the facts showing burglary were proved only by circumstances, and the identity of the accused was also dependent upon the same character of testimony, a charge on the law of circumstantial evidence should have been submitted. Following Smiley v. State, 87 Texas Crim. Rep., 528.

Appeal from the District Court of Guadalupe. Tried below before the Honorable N. Kennon.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Greenwood* and *Short,* for appellant.—On question of circumstantial evidence: Alberto v. State, 56 Texas Crim. Rep., 141; Guerrero v. State, 46 id., 445; Leftwich v. State, 34 id., 489; Huddleston v. State, 156 S. W. Rep., 1168.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Guadalupe County of burglary, and his punishment fixed at two years confinement in the penitentiary.

Because of an absent witness appellant asked for a continuance. The record shows that he was arrested and placed in jail in October, and was indicted in November following, and the application states that he only employed counsel on December 4th following, and that his case was set for trial on December 6th. The witness desired lived in another county, and was not served with process. It is further shown that appellant had been brought from the jail and informed by the court that if he would give the names of his witnesses to the clerk, process would be issued for them. This he failed to do. No diligence was shown, and the application was properly overruled. We are inclined to think that inasmuch as it was stated that the witness was expected to testify that on the night preceding the burglary, which occurred about 8:30 A. M., appellant was in the town of Eagle Lake some eighty or ninety miles distant from the alleged burglarized house,

that the materiality of said testimony does not sufficiently appear. One can easily travel the distance named during a night, on a train or other conveyance, and it is not shown that the means of communication between Eagle Lake and the place where the burglary occurred was not by direct railroad communication. Nor would we be justified in concluding that the trial court abused his discretion inasmuch as positive evidence of disinterested witnesses showed that appellant was near the scene of the burglary on the morning of the day alleged, and the trial court would have been justified in any event in concluding that the expectant testimony was not probably true.

Appellant asked a special charge on circumstantial evidence. We believe this should have been given. Smiley v. State, 87 Texas Crim. Rep., 528, 222 S. W. Rep., 1108. The case just mentioned is similar in many respects to the one under consideration. In the instant case prosecuting witness Hoffman testified that he left his house empty and went out into his field, leaving the front door locked with a key on the inside, and the back door latched; that when he returned to the house a little later he entered a side gate and observed a corduroy coat with a sheep skin collar hanging on the front gate; that he entered the back door and heard some one walking in the front of the house, and heard some one run out of the front door; that he ran out of the house, and he states that he saw "this negro running away with the coat on his arm." This witness, however, further stated that he did not see the face of the man who was running away, and that he had on yellow clothes. Returning to his house and searching, the witness discovered that some $43.00 which he had in his pocketbook in the front room, was missing. He again went out to where a Mexican was at work in a near-by field and asked this Mexican if he saw the man, and the Mexican pointed to where a man with a coat on his arm was running toward the railroad. Witness pursued the fleeing party, but stated that a long freight train intervened and that he lost him. He reported the affair to the officers in a little town four or five miles distant, and appellant was arrested on the street of said town that afternoon about 3 or 4 o'clock. When searched he had a few nickels and coppers but no other money. Mr. Hoffman, while stating that he could identify appellant, attempted to do so solely by the fact that he had on certain kind of clothes and the coat above mentioned. When arrested appellant had on a corduroy coat with a sheep skin collar, and Mr. Hoffman identified this coat as being the one he saw hanging on his gate. He admitted that there might be other men wearing similar clothes, and it was not shown that such clothes were infrequent or not worn by other people in that vicinity. Another witness testified that he saw appellant on the morning of the burglary about half mile from Mr. Hoffmann's house going toward the town of Kingsbury where appellant was arrested, but this witness located the time of seeing appellant at an earlier hour than testified to by Mr. Hoffman as the time of the burglary. Mr. Hoffman's house was estimated to be

from five hundred yards to a half mile from the railroad track. This witness also testified that when he saw appellant at the point indicated. he was wearing brown clothes, but had on a coat similar to the one described and identified by the witness Hoffman. The deputy sheriff who arrested appellant, stated that he had on brown clothes and the coat in evidence, at the time. It seems that appellant was a stranger in the neighborhood.

The above is the substance of the testimony. No one saw appellant enter or leave the house in question, and his identification as being the man seen fleeing from the premises, is wholly the opinion of the witness Hoffman as to the identity of clothing. The statement of Mr. Hoffmann given at the preliminary trial of appellant was introduced by the defense, and it appears therefrom that said witness there only stated that the man he saw fleeing from his house had on a coat similar to the one worn by appellant and had clothes similar to those worn by him. We are not to be understood as saying that the evidence would not be sufficient to support a conviction, but are of opinion that the facts showing burglary are proven only by circumstances, and that the identity of the accused is also dependent upon the same character of testimony, and that the law of circumstantial evidence should have been submitted.

For the error of the court in refusing the special charge mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*