## Sam Kellum v. The State.

### No. 6739.   Decided March 15, 1922.

#### 1.—Robbery—Evidence—Finding Alleged Stolen Property—Res Gestae.

Where, upon trial of robbery the evidence showed that when arrested shortly after the alleged robbery, defendant and his co-defendant were in a buggy, that their persons were searched and a certain knife found, and it was shown that a certain knife was taken during the robbery, and it was not shown that it was different from the knife taken, there was no error in overruling objection to such testimony under the facts of the instant case.

#### 2.—Same—Evidence—Insanity—Opinion of Witness—Letters.

Where defendant interposed the defense of insanity on trial for robbery, there was no error to admit the testimony of the jailer who testified to his custody of defendant and his opportunity for observation of his acts and conduct, and that he had read letters written by defendant while in jail, upon which to base his opinion as to sanity, but the contents of such letters would not be admissible against the accused.  Following Adams v. State, 34 Texas Crim. Rep., 470, and other cases.

#### 3.—Same—Opinion of Witness—Defendant's Declaration.

While it was competent for the county attorney, after showing a predicate therefor, to state his opinion as to the sanity of the defendant, a conversation had with him in jail that he could not convict him because he would plead insanity, etc., should not have been submitted.

#### 4.—Same—Rule Stated—Confession—Inference of Guilt.

Confessions of the accused which show directly, or by inference, his guilt of the crime charged, should not be introduced by the State, as a predicate upon which are based the opinion of witnesses on the question of insanity.  Following Hurst v. State, 40 Texas Crim. Rep., 378, and other cases.

#### 5.—Same—Witness Under Rule—Discretion of Court—Health Officer.

It was no abuse of the discretion of the Judge in the enforcement of the rule of witnesses under rule to permit the county Health Officer to testify upon the question of defendant's insanity.

#### 6.—Same—Duress—Charge of Court.

While the issue of duress is not sufficiently raised, yet as the judgment must be reversed for other reasons, the court suggests the propriety of submitting this issue upon another trial, if the confession be used in evidence, or the question be raised.

#### 7.—Same—Judgment of Insanity—Evidence—Question of Fact.

Upon trial of robbery, where the defense interposed the plea of insanity, there was no error in permitting the State to introduce in evidence the judgment of the County Court which was rendered a little over two months prior to the date of the alleged robbery, upon which trial a jury declined to find the accused to be of unsound m'nd, as the effect of such judgment would be a question for the jury.

**8.—Same—Charge of Court—Burden of Proof—Insanity.**

The burden of proof is upon the accused who pleads insanity, and the books contain many forms of charges which have been approved by this court, and it would be the better practice to follow such forms, although the charge in the instant case does not call for a reversal.

**9.—Same—Other Offenses—Evidence.**

Upon trial of robbery, testimony as to other offenses should not have been admitted in evidence in the absence of defendant's taking the witness stand, in the instant case.

**10.—Same—Evidence—Finding Alleged Stolen Property.**

There was no error in allowing the State to show that certain keys which were a part of the property alleged to have been taken at the time of the commission of the robbery were found in a certain culvert near the scene of the alleged robbery.

Appeal from the District Court of Eastland. Tried below before the Honorable George L. Davenport.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*L. D. Hartwell* and *R. L. Rust*, for appellant.—On question of admitting testimony as to finding knife, etc.: Gilbraith v. State, 41 Texas, 567.

On question of other offenses: Lee v. State, 45 Texas Crim. Rep., 51; Jennings v. State, 200 S. W. Rep., 169.

On question of insanity: Wells v. State, 98 S. W. Rep., 851; Williams v. State, 39 id., 687.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of robbery, and his punishment fixed at five years in the penitentiary.

When arrested shortly after the alleged robbery appellant and his co-defendant were in a buggy. Search of their persons then made brought to light a knife. The officer who arrested them testified that he saw one of them stick something behind the buggy cushion as they were going along, and that after they got to Cisco he raised up the buggy cushion and found there the watch which had been taken from one of the victims of the robbery. This evidence was objected to upon the ground that it was irrelevant, immaterial and prejudicial, and shed no light on any issue in the case. It was shown that part of the property taken in said robbery was a knife and a watch. It is not made to appear from the bill of exceptions that the property so

91 Tex. Crim.—18

found by Mr. Ray was a different knife and watch from that taken, and if it was the property so taken, its being found in possession of the accused would be relevant evidence even though this particular property was not that alleged in the indictment to have been the property taken by the alleged robbers. It appears from the record that three persons were "held up" on the occasion in question and certain rings taken from Mrs. Hufstedler, one of said parties, and a knife and certain keys from another, and a watch and rings from the third. The State was entitle to develop upon the trial of appellant for the robbery of Mrs. Hufstedler and the taking of her rings, the facts relative to the taking and finding of the property so taken at said time from the other parties. This was a part of the res gestae of the transaction. Branch's Ann. P. C., Sec. 161 cites many authorities illustrative of our view.

One of the defenses interposed by the accused was that of insanity. Prior to the trial he had been confined in the county jail, and among other witnesses for the State offered in rebuttal of appellant's defense, was the jailer who testified to his custody of appellant and his opportunity for observation of his acts and conduct, and among other things stated that he had read letters written by appellant while in jail. It seems the well settled rule in cases where insanity is offered as a defense, to permit witnesses who have had opportunities for observing the acts and conduct and hearing conversations of the accused while in jail and unwarned, as a predicate for the giving of their opinions as to the sanity of the accused, to state the facts pertaining to their opportunities for forming such opinions. We think that this would permit such offered witness to testify that he had read letters written by the accused to outside parties, but we are further of opinion that the contents of such letters so written while in jail and unwarned, would not be admissible against the accused, and such contents should not be given in evidence against him. Adams v. State, 34 Texas Crim. Rep. 470; Williams v. State, 37 Texas Crim. Rep. 348; Burt v. State, 38 Texas Crim. Rep. 439. It might be in a given case that the contents of such letters would relate so wholly to matters not in themselves criminating, that we would hold their admission not to be such error as to necessitate a reversal, but the general rules would exclude the contents of such letters.

It was competent for the county attorney while giving testimony for the State, to state his opinion as to the sanity of the appellant, it having been shown as a predicate therefor that he had numerous conversations with appellant while in jail; but the statement of such witness offered as original testimony, that appellant had told him in one of such conversations that "he could not convict him, that he would plead insanity, that he had beat other cases that way before," should not have been permitted. A fair inference from this language would be that appellant knew he committed the crime for which he was under arrest, but that he could not be convicted because of the fact that on the same plea which he had beaten other cases, to-wit:

insanity, he could defeat this charge. There is no doubt that in cases where no question of insanity was involved, a conversation such as this would be rejected as a confession. We know of no case holding the acts and declarations of the accused, when under duress and unwarned, which are criminating in character as related to the crime charged, may be detailed as evidence against he accused merely because he has pleaded insanity. Such criminating testimony cannot be introduced under the guise or plea of being merely a predicate upon which such witness may base his opinion of the sanity of the accused. Those cases which hold that acts, declarations and conduct of the accused while in custody and unwarned are admissible on the issue of insanity, are inaccurate in such general statements. It should be stated that one who has observed the acts, looks, conduct and conversations of the accused while in custody and unwarned, or at any other time, and has therefrom been enabled to form an opinion as to his sanity, may state on the witness stand these matters as forming a basis for such opinion. Such witness who has observed the acts, conduct, conversation, appearance, etc., of the accused, whether as an unwarned prisoner in custody or under conditions, if the time and circumstance be not too remote, should be allowed to give testimony to his conclusion as to the sanity of such prisoner after the laying of such predicate therefor. The weight of such conclusion is for the jury, and as affecting the question of the weight to be given such testimony, the opportunity for forming the opinion and the sources thereof may be fully explored on cross-examination as in other cases where matters affecting the credibility of the witnesses and the weight to be given to their testimony, are being inquired into. Confessions of the accused which show directly or by inference his guilt of the crime charged, should not be introduced by the State as predicates upon which are based the opinions of witnesses on the question of insanity. The matter is discussed in Hurst v. State, 40 Texas Crim. Rep. 378, and Barth v. State, 39 Texas Crim. Rep. 386, and the general rule in insanity cases is further adverted to in Plummer v. State, 86 Texas Crim. Rep. 487.

We think it no abuse of his discretion in the enforcement of the rule invoked excluding witnesses from the court-room, for the trial court to permit the county health officer to testify upon the question of appellant's insanity, notwithstanding he was in the court room and heard some other witnesses give evidence.

Appellant complains of the refusal of the trial court to charge on duress. In his confession introduced against him by the State, appellant stated that Brunson, who was shown to be acting with him in the commission of the alleged robbery, and another man who was with them both a short time prior thereto, threw their guns down on him and told him they were going to use him to search some people they intended to rob, and that after they walked a distance up the road they saw a car coming and the other man hid by the road-side and Brunson told the occupants of the car to "stick

'em up'' and told appellant to search the people in the car, which he did. It is upon this testimony that appellant bases his claim that if he acted in the premises as testified to by the State witnesses, he was under duress. Appellant did not take the stand and testify on the trial. Our statute in Article 44, Vernon's P. C., provides that a person who is forced by threats or actual violence to do a criminal act, is not punishable. The trial court may have concluded that the only evidence raising said question being that above referred to, did not sufficiently raise the issue of duress, and it does not appear to be very cogent, but as the case must be reversed for other reasons we suggest the propriety of submitting this issue upon another trial if the confession be used in evidence or the question be raised. The jury may or may not believe that part of the confession, but issues of fact should be submitted to them for their decision.

The State introduced in evidence a judgment of the County Court of Hunt County which appears to have been rendered little over two months prior to the date of the alleged robbery, upon which trial a jury declined to find the accused to be of unsound mind. The admission of this judgment was objected to by appellant. No authorities are cited by him, and we find many cases holding that a prior judgment of lunacy is admissible when offered by the accused, but know of no case and are referred to none in which the State is precluded from offering in evidence a prior judgment wherein the accused is found to be not of unsound mind. We have concluded from the search made by us that the introduction of such judgment by the State was not erroneous. Mr. Wigmore in his work on Evidence, p. 2076, makes the following statement:

"There is not, therefore, and never has been, any doubt as to the admissibility of an inquisition of lunacy, in any litigation whatever, to prove the person's mental condition at the time. The only controversy has been whether it is conclusive, i. e. whether it is to be regarded as a judicial proceeding and a judgment in rem, binding upon all persons whatsoever. There also arises for it the question whether the person's mental condition at the time of the inquisition is evidence of his condition at the time in issue; but this is merely a question of the relevancy of the fact evidenced by the inquisition (ante, Sec. 233) and not of the admissibility of the inquisition.''

The effect of such judgment would be a question for the jury upon the instant trial, and such effect should be limited to that of a circumstance affecting the issue of insanity, if so requested by the accused.

The burden is upon the accused who pleads insanity to establish such plea to the satisfaction of the jury, and in many cases it has been held that he must establish such defense by a preponderance of the testimony, and the books contain many forms of charges on this issue which have been approved by the appellate courts. We are inclined to agree with the appellant's contention that the charge of the trial court was involved and did not present this issue clearly, but

we are not able to conclude that same was erroneous.

Appellant has a bill of exceptions to the action of the trial court in allowing the State to show by a witness that the accused had been indicted for felonies on several occasions prior to the one herein charged. Appellant was not a witness in the case, and we can see no reason for the admission of such testimony. It was not admissible as affecting the issue of insanity, nor could it have any legitimate bearing, and the admission of same must have been prejudicial.

We see no error in allowing the State to show that certain keys which were a part of the property alleged to have been taken at the time of the commission of the robbery herein charged, were found at a certain culvert near the scene of the alleged robbery. As we understand the record it appears that the information upon which the officers acted in the obtaining of said keys was given to them by one of the parties involved in the robbery in the presence and hearing of the accused.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*