## Tom Scott v. The State.

No. 13065.   Delivered March 19, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 210.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The following is in substance the State's testimony: The appellant was arrested while in the act of manufacturing intoxicating liquor.  He was in possession of a still which was situated out on a branch some five miles from town.  At the still were eight barrels of mash and four gallons of whisky.  His wagon and team were nearby.  He was alone at the still which was in operation at the time.

The following is in substance the testimony coming from the witnesses for the appellant: His wife testified that she and the appellant had been married for about 27 years; that for the last four or five years his mental condition was bad; that he had been treated by a Doctor Powell, who said that the appellant's mind was not good. In the opinion of the witness, the appellant's mind was such that he was not capable of knowing right from wrong. He was nervous and sometimes at night would get up, sit around and smoke. She had tried to persuade him not to make whiskey, telling him that it was wrong. She said he was easily influenced by other people.

The witness Bevil testified that he had known the appellant for many years, but said he could hardly tell about his mental condition; that for the past five years he had noticed that there was something wrong with appellant; that up to five years ago the appellant had been a hard-working negro, but since that time there has been a difference in his acts and conduct.

Brown, another witness, had known the appellant for many years. He said:

"When you ask me if from that association and contact with him, in my opinion his mental condition is such that he could tell right from wrong,—well, at times he would, and at other times he wouldn't. I think that he would be easily influenced."

Doctor Hardy testified that he was reasonably sure that the appellant knew it was against the law to make whisky.

An application for a continuance was made because of the absence of two witnesses, namely, Will McQueen and John Scott. It was averred that:

"John Scott would testify, if present, that he is the son of the defendant, Tom Scott, and has been associated with him closely for the last 4 or 5 years and has had occasion to observe and know his mental condition and if present at the trial of this case would testify that this defendant is not capable, mentally, of knowing right from wrong, nor was he at the time of the alleged offense."

It was also averred that Will McQueen would have testified:

"That the said witness has known Tom Scott for the past 20 years and has lived at and in the same neighborhod of the defendant, Tom Scott, and has had occasion to observe and know his mental condition and if present, this witness believes that the said defendant is not capable, mentally, of knowing right from wrong."

The indictment was found on June 6, 1929. The trial took place on June 25th. The first application for a continuance was

made wherein it was stated that McQueen was summoned on June 20th and Scott on the 15th of that month. As contained in the bill of exception, the testimony of neither Scott nor McQueen would have been received in evidence over objection. In each instance there is a failure to set out any fact or circumstance upon which the witness would base his opinion that the accused was mentally unsound. The rule is settled that where it is expected that a witness would give an opinion against the sanity of one accused of crime that as a predicate for such opinion he must state some fact more than a mere acquaintance with the accused. See Vernon's Tex. P. C., Vol. 1, p. 32, subd. 7; Thomas v. State, 98 Tex. Cr. R. 428; Kellum v. State, 91 Tex. Cr. R. 275; Plummer v. State, 86 Tex. Cr. R. 493; Underhill on Crim. Ev., 3rd Ed., sec. 264; Williams v. State, 37 Tex. Cr. R. 349.

Appellant sought to show that at the time of his arrest he stated that the still and equipment belonged to his son-in-law. This apparently was res gestae of the commission of the offense and might properly have been received in evidence. However, it could have been of no value to the accused. It was proved without controversy that he was operating the still, was there alone and had control of it. The fact that another was the owner of the still would have been of no weight as a defense or in mitigation of the punishment.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In support of his motion for rehearing appellant refers us to Roberts v. State, 150 S. W. 627; Thomas v. State, 40 Texas 60; Newberry v. State, 22 S. W. 412; King v. State, 9 Tex. Cr. App. 515; with a request that we carefully examine them. We have done this but have not been led to believe the former disposition of the case was erroneous.

The motion for rehearing is overruled.

*Overruled.*