SIMON HIGHTOWER V. THE STATE.

No. 13874.   Delivered February 11, 1931.

The opinion states the case.

*Estes & Estes,* of Granbury, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the peniteitnary for four years.

Appellant, a negro, cut Claude Wallace, a white man, on the head with a small pocket knife. According to the testimony of the doctor, the injured party would have bled to death unless he had immediately received proper medical attention. The injured party testified, in substance, that appellant came into his store and asked for a can of Prince Albert smoking tobacco, and he asked appellant if he had his money and he replied that he did; that he gave him the tobacco; that appellant gave him a dime; that he told appellant that would not pay for it as the tobacco sold for fifteen cents a can; that appellant said: "Give me the dime. I don't have to buy here; I will buy it somewhere else."; that later appellant returned to the store; that he asked appellant if he had the other nickel; that appellant replied that he did not have to buy his tobacco there; that he (the injured party) started toward appellant, telling him not to get smart, and saying to appellant: "You s- of a b-. I will kick you out of the house."; that he and appellant clinched and appellant cut him on the head with a knife. The injured party testified that appellant's general reputation for being peaceable and law-abiding was good. Many other witnesses testified to the same effect. The State made no attempt to prove the contrary. Some of the witnesses present in the store said that they did not see appellant take the knife out of his pocket after he entered the store. The knife was described as a small knife. Appellant did not testify in his own behalf.

The court charged on assault with intent to murder, aggravated assault, simple assault, and self-defense. Appellant made an application

for a suspended sentence, which was duly submitted to the jury. The injured party, according to his own testimony, cursed appellant and told him that he would kick him out of the house, and approached him as if to attack him. The parties clinched and fought until separated. It was incumbent upon the State to prove beyond a reasonable doubt that appellant intended to kill the injured party. On this point we are in such grave doubt as to the sufficiency of the evidence as that we are unwilling to permit the conviction to stand.

The judgment is reversed and the cause remanded.

*Reversed and Remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.