## Nora Hare v. The State.

No. 17442.   Delivered March 20, 1935.

The opinion states the case.

*G. C. Lowe,* of Woodville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.—Appellant was tried and convicted of an assault with intent to murder, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

Two matters are brought forward for review.  One relates to the insufficiency of the testimony to show a specific intent to kill, and the other relates to misconduct on the part of the jury.  The testimony adduced by the State shows that appellant and the alleged injured party met at a church at night; that a difficulty occurred between the appellant and the complaining witness, Ely Ard, in which Ard was cut by the appellant apparently with pocket knife, but the testimony fails to show what kind or character of a knife was used nor is the size and length of the blade shown.  It may have been a large and dangerous knife or it may have been a pen knife.  The kind and character of wound inflicted is not shown otherwise than that it was approximately 14 or 15 inches in length, extending from above the left nipple to below the ribs on the right side; that it went to the bone and bled freely, but no other testimony as to the seriousness of the wound was offered.  The doctor who dressed the wound was not called to give testimony as to its depth or seriousness.

It occurs to us that a presumption of an intent to kill could not arise from said testimony. If the knife used was an ordinary pocket knife, it was not per se a deadly weapon, and from it alone it could not be presumed that death was designed unless from the manner in which it was used such intention evidently appears. The testimony fails to show the character or seriousness of the wound. It occurs to us that the State might have shown by the testimony of the physician who dressed the wound the depth thereof and whether it was a serious wound, as well as the kind and character of the knife used, or both. In the case of Jones v. State, 116 Texas Crim. Rep., 30, this court, speaking through Judge Lattimore, said: "The record does not contain any testimony shedding light upon the size, kind, or character of the sharp instrument used by appellant, nor is there any testimony that the wounds inflicted upon Daisy Newman were serious, or that they amounted to serious bodily injury. * * * The State's attorney with this court in his brief admits that the evidence is insufficient to justify a conviction of an assault with intent to murder... We are inclined to agree with him."

In the case of Hawkins v. State, 115 Texas Crim. Rep., 163, the testimony showed that appellant struck the injured party on the side with an ax; that his nose was crushed flat; that four teeth were knocked loose; that he had a cut on the head one and one-half inches long just back of the ear; that the wounds were serious bodily injuries; that a doctor treated him for a week. On a motion for rehearing this court, speaking through Presiding Judge Morrow, said: "Viewing the evidence in its entirety, we are constrained to declare that, in our opinion, the evidence does not warrant the conclusion, beyond a reasonable doubt, that the accused in any part of the assault acted with the specific intent to kill Doss Moor."

See, also, Hightower v. State, 117 Texas Crim. Rep., 42.

In view of the foregoing authorities and the meager and unsatisfactory testimony on the issue of intent on the part of the appellant in the commission of the alleged offense, we entertain such grave doubts as to the sufficiency of the testimony adduced upon the trial that we are unwilling to permit the judgment of conviction to stand.

The disposition we are making of this case obviates the necessity of discussing the other question presented as it will not arise upon another trial.

For the reasons hereinabove stated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded,*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.