JOHN L. SMITH v. THE STATE.

No. 17691. Delivered October 23, 1935.

274

 

The opinion states the case.

*Henry Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was tried and convicted of the offense of an assault with intent to murder, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

The record discloses that the appellant and the alleged injured party were husband and wife, having been married something over two years at the time of the alleged assault. Appellant was employed and had been employed by Swift & Company for nearly twenty-five years. Several months prior to the time of the alleged assault he stole three locks from Swift & Company, took them home and placed them on his garage. Some months later he conceived the idea that his employer might discover the locks on his garage, which induced him to take said locks from the garage door and place them in the rumble seat of his car. One day when he returned home from his work he found a policeman sitting in his car, who inquired of him if he knew anything about some locks that were taken from Swift & Company, to which he replied in the negative. Thereupon the policeman opened the back of appellant's car and asked him how come those locks in his car. The policeman did not arrest appellant, but told him to go see Mr. Elder, the superintendent for Swift & Company, which he did. The superintendent discharged appellant after appellant had admitted to him his guilt. For some reason ap-

pellant became obsessed with the idea that his wife had informed some one at the plant of Swift & Company of the theft of the locks and he accused her of having done so, which she denied. This precipitated an argument between them which led to a separation terminating in a divorce. On the Sunday morning of the alleged assault he called his wife over the telephone and requested her to meet him at a certain place at a specified time, which she failed to do. He then went to her home, took hold of her and, without any apparent cause, began to choke her. He procured a case knife and endeavored to stick it down her throat but she bit down on it so hard that he bent the blade in his effort to accomplish his object. He then took a chair and beat on the head with it until the chair broke and then he took a part of the seat of the chair after he had already struck her down, and continued to beat her on her head until two policemen appeared, made him desist and arrested him. His wife, the injured party, was taken to a hospital where she was confined for about ten days. The doctor who attended her testified that she suffered concussion of the brain; broken bones in her hand, and many other severe injuries. The appellant, after being arrested, made a voluntary statement to the district attorney in which he admitted that he intended to beat her unto death.

By Bill of Exception No. 1 the appellant complains of the action of the court in permitting the injured party to appear before the jury while Dr. Goldberg was testifying, who pointed out the scars on her head, face and hands. The objection urged to this conduct was that there was no dispute as to the location and character of the wounds; that the same was prejudicial and only tended to inflame the minds of the jury against him. The court qualifies the bill of exception, and in the qualification certifies that at one time when the jury was withdrawn and counsel for the defendant stated his objection, the court inquired of him if the defendant would make such admission in the presence of the jury and for the purpose of the record, which he declined to do. The court overruled said objection because none of the instruments employed by the appellant in the assault on the injured party were deadly weapons per se. The court further certifies that he was of the opinion that the matters complained of were material on the question of the extent and the nature of the injuries, and whether the instruments used in the manner of their use, were calculated or likely to produce death. It is our opinion that the bill of exceptions, as thus qualified, fails to show any error.

The injuries which appellant inflicted upon his wife left scars on her head, face and hands; and these scars, being visible to the jury when she testified, the appellant's rights could not have been prejudiced by the act of the doctor in pointing out the scars left by the wounds. The wounds had healed and there is nothing in the bill to show that the scars were discolored or of such unsightly appearance as to arouse the passion and prejudice of the jury. In support hereof we refer to the case of Harris v. State, 106 Texas Crim. Rep., 539.

By Bill of Exception No. 2 the appellant complains of the action of the court in permitting the district attorney to read to the jury that part of the appellant's voluntary confession relating to the stealing of the locks from his employer, and that he believed that the information had been furnished to the employer by his wife, because it shows an extraneous offense and tended to prejudice the jury against him. The matter objected to tended to establish a motive, ill-feeling, and may have been the inducing cause for the assault. If he believed that she informed his employer of the theft of the locks and this angered him, it occurs to us that any fact or circumstance which may show a motive for the unlawful act is admissible. See Villereal v. State, 61 S. W., 715.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.