## CLIFF CLYBURN v. THE STATE.

No. 17725.  Delivered December 18, 1935.
Rehearing Denied February 5, 1936.

The opinion states the case.

*Gentry & Gray,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twelve years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Willie Baker by shooting him with a pistol.

Deceased was the son-in-law of appellant. He and appellant had had prior difficulties growing out of the separation of deceased and his wife. The homicide occurred at a school house where a play was in progress. The seven year old daughter of deceased was at the play with her mother and appellant. After

the play deceased was carrying the child to the car of appellant. Appellant demurred and requested that deceased let him take the child. Deceased refused to comply with his request and, according to the testimony of the State, appellant drew a pistol and killed him.

Appellant testified that deceased drew a pistol, and that he killed him in self-defense. He offered testimony to the effect that after deceased fell one Wade Cooper rushed to him and took a pistol from his body.

Several bills of exception relate to the action of the court in permitting the State to prove that the general reputation of deceased for peace and quietude was good. Appellant introduced testimony to the effect that he and deceased had had prior difficulties and that deceased had threatened his life. It is the rule that when self-defense is an issue and the accused has proved communicated threats on the part of the deceased, the State is then entitled to prove the good character of deceased for peace. Branch's Annotated Penal Code, sec. 2095; Williams v. State, 136 S. W., 771. The bills fail to reflect error.

Bill of exception No. 1 brings forward the testimony of a witness to the effect that at the time of the homicide appellant did not appear to be in a good humor. The opinion of the witness was "a mere shorthand rendering of the facts" and was admissible. Branch's Annotated Penal Code, sec. 132; Owen v. State, 105 S. W., 513.

Bill of exception No. 2 relates to the action of the court in permitting the State to elicit from appellant on cross-examination that deceased carried one thousand dollars life insurance in favor of his daughter. The bill, as qualified, shows that appellant elicited the same facts from the witness Ruby Lee Baker. Under the circumstances, the bill fails to reflect error.

It appears from bill of exception No. 5 that appellant's witness Lynch testified that some time after the body of deceased had been removed from the school house he and Till Foreman, brother-in-law of deceased, drove to the scene of the homicide in Foreman's car. Foreman got out of the car and picked up something which Lynch did not see. Appellant sought to elicit from Lynch testimony to the effect that Foreman stated to him (Lynch) that if anything was ever said about the matter "it was a belt buckle he had picked up." The State's objection to said testimony was sustained. Foreman later testified but had not taken the witness stand at the time appellant sought to introduce the testimony in question. No

effort was made to lay a predicate for the impeachment of Foreman. We think the declaration was purely hearsay and inadmissible.

We deem it unnecessary to discuss the remainder of the bills of exception. A careful examination of the record leads us to the conclusion that reversible error is not reflected.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were in error in the disposition made of the question presented in his bill of exception number five. We have again examined the record upon the point urged and are still of opinion the court ruled correctly at the time the question arose. The court's ruling necessarily must be controlled by the status of the case at the time he is called upon to act.

Appellant's motion for rehearing is overruled.

*Overruled.*