VINCE BOSS V. THE STATE.

No. 18741.   Delivered January 27, 1937.

The opinion states the case.

*Sidney Benbow* and *A. C. Buckner*, both of Houston, *F. L. Henderson*, of Bryan, and *Berry, Nethery & Berry*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The trial was held in DeWitt County on a change of venue from Harris County.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed R. W. Albert by striking and beating him with a piece of iron and by cutting and stabbing him with a knife.

The testimony of the State to the effect that appellant killed and robbed deceased was uncontroverted.  Appellant defended on the ground that he was insane, and on that issue witnesses testified pro and con.  In the charge, the court submitted an instruction defining insanity, and directing an acquittal on that ground if the jury believed, from a preponderance of the evidence, that appellant was insane at the time of the commission of the offense.

The homicide occurred on the 21st of March, 1936. On the 21st of May, 1936, a preliminary trial was held in the criminal district court of Harris County to determine whether appellant was of unsound mind at the time of said trial. The jury rendered a verdict finding appellant sane; and, following said verdict, a judgment was duly entered. In the main trial in DeWitt County said judgment of sanity was introduced in evidence by the State. Thereafter, in the charge, the court gave an instruction touching the effect of said judgment as follows:

"There has been introduced in evidence a verdict and judgment of the criminal district court No. 2 of Harris County, Texas, showing this defendant to be sane on the 21st day of May, 1936. You are instructed that you will take into consideration this verdict and judgment so introduced as any other fact or circumstance introduced in evidence in this case in determining whether the defendant was sane or insane on the 21st day of March, 1936, the date of the alleged homicide."

Appellant timely and properly excepted to the foregoing instruction. We agree with the State's attorney before this court that the exception was well taken. The judgment in the criminal district court of Harris County finding appellant sane was damaging testimony against him. The charge, as framed, necessarily conveyed to the jury the idea they were bound to consider said judgment of sanity and give as much weight thereto as to any other testimony before them on the issue in question. The jury were the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony. It was within their province to attach little weight to the judgment of sanity. They had no knowledge as to the character and quantum of proof before the jury in the sanity hearing. If one or more of the jurors had reached the conclusion that the judgment in said sanity hearing was entitled to little or no weight, the answer of jurors who entertained a different view would have been found in the charge of the court to the effect that the jury were bound to consider said judgment "the same as any other fact or circumstance introduced in evidence." The effect of the charge was to single out damaging testimony against appellant and to direct its consideration by the jury. In Hawkins v. State, 32 S. W. (2d) 202, this court said: "So far as we are aware, there is no authority or warrant in law for singling out damaging testimony against the defendant and directing its consideration by the jury. Such practice has been condemned in a multitude of cases. See Vernon's Tex. C. C. P., Art. 658, notes 127 and 128, for collation of authorities; Brown v. State, 57

Texas Crim. Rep., 570, 124 S. W., 101; Dunne v. State, 98 Texas Crim. Rep., 7, 263 S. W., 608. * * * The effect of such a charge might be to convey to the jury the idea that the court believed the testimony therein mentioned tended to prove the guilt of the accused." And in the present case the charge was calculated to convey to the jury the idea the court believed the judgment of sanity tended to prove that appellant was sane at the time of the commission of the offense. See, also, Moore v. State, 281 S. W., 1080; Burrows v. State, 81 S. W. (2d) 523, and authorities cited.

We disclaim any intention of holding that, when requested by the appellant, the effect of such judgment should not be limited to that of a circumstance affecting the issue of insanity. See Earles v. State, 84 S. W. (2d) 235; Kellum v. State, 238 S. W., 940. But, as framed, the charge was calculated to convey to the jury the idea that they were bound to consider said judgment and give it the same weight as any other fact or circumstance in the case.

Upon another trial the question as to whether appellant's confession was voluntary should be submitted in a charge following the suggestions found in Berry v. State, 125 S. W., 580.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.