SAM F. McMURREY v. THE STATE.

No. 22305. Delivered January 20, 1943.
Rehearing Denied March 3, 1943.

440

The opinion states the case.

*J. W. Ragsdale,* of Victoria, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of assault with intent to murder, punishment being assessed at two years in the penitentiary.

Appellant complains of the court's action in submitting to the jury, over his objection, the issue of assault with intent to murder with malice. He contends that the evidence was insufficient to raise that issue. We are not in accord with this contention. Threats made by appellant against Wallace were proven. The evidence shows that on the morning of June 1, 1940, appellant assaulted Wallace with a pocket knife; stabbed him in the chest, in the side to the left of the spine and cut him on each side of the head. As a result of these wounds Wallace was confined in a hospital eleven days during which time he was given medical treatment by an able and competent physician. He was taken from the hospital to his home, where he remained in bed for approximately three weeks. Wallace testified that the wounds in the chest and side were deep. His wife testified that she saw the attending physician probe the chest wound and also the wound in the side, which was three and one-half inches deep. Dr. Wagner, in response to hypothetical questions, stated that in his opinion the wounds in the chest and

side were serious. It occurs to us that the court was required to instruct the jury with reference to the law of assault to murder with malice, or ignore the evidence of the State entirely.

Complaint is made of the testimony of E. M. Wallace to the effect that he saw appellant come running towards him and saw the expression on his face; that he looked like he was "awful mad"; to which appellant objected on the ground that it called for a conclusion of the witness. This question was decided adversely to appellant's contention in Jones v. State, 47 Tex. Cr. R. 515; Powdrill v. State, 62 Tex. Cr. R. 442; Littleton v. State. 91 Tex. Cr. R. 205, 239 S. W. 205; Clyburn v. State, 90 S. W. (2d) 248, 129 Tex. Cr. R. 581.

Bill of exception number two relates to an inquiry by the State of the witness Wallace as to whether he knew the approximate depth of his wounds, to which he answered, "Yes, sir, but I don't know the exact depth. I would not attempt to say that because I could not do it." He was then asked the following question: "About how long did it take before that wound on your side healed?" to which he replied, "It healed up tolerably well, but could not walk. * * * I could not get about for a long time." The objection interposed was that the witness was volunteering evidence which was outside the scope of the question, and appellant moved to strike the answer because not responsive to the question. This the court refused to do. We see no such error reflected by the bill as would require a reversal. Evidence of the same nature is in .the record from other sources.

By bills of exception numbers three and four appellant complains of the action of the trial court in permitting the injured party to exhibit the scars left on his body as a result of the wounds inflicted upon him by appellant. There is nothing in the bill to show that the scars had an ugly, ghastly or revolting appearance such as was calculated to inflame the minds of the jury to the prejudice of appellant. In the absence of such a showing no error is reflected by the bill. See Smith v. State, 86 S. W. (2d) 750; Harris v. State, 106 Tex. Cr. R. 539, 293 S. W. 822; Gandy v. State, 137 Tex. Cr. R. 412.

Bills of exception numbers five, six, seven and eight may be considered and disposed of together inasmuch as they relate to the same subject matter. By these bills appellant complains of the phraseology of the hypothetical questions propounded by the State to Dr. Wagner, an expert. By these questions the State sought to elicit from the witness an opinion as to whether

or not the wounds inflicted by the appellant in the chest and side of the injured party were serious wounds. Appellant in due time objected on the ground that the questions included the fact, testified to by witnesses, that the wounds were dressed for a period of eleven days during which time the injured party was confined in the hospital, as well as other knife wounds received by him at the time in question, and that after leaving the hospital he was confined to his room at his home for another period of three weeks; that the seriousness of the particular wounds would be determined from the wounds themselves and not by other conditions. The court overruled the objections, to which appellant excepted. The witness answered that in his opinion the wound in the chest and the one in the side were serious wounds. In our opinion appellant's contention is not well founded. The rule is stated in 19 Tex. Jur. page 438, Sec. 285, as follows:

"A hypothetical question should be so framed as to recite all the facts in evidence which are relevant to the formation of an opinion, and then, assuming the facts recited to be true, the witness should be asked whether he is able to form an opinion therefrom, and, if so, to state his opinion." In the instant case the question embraced not only the wounds but the length of time the injured party was confined in the hospital and at his home, which was proper as a predicate upon which an expert could reach an opinion as to the seriousness of the wounds mentioned. See Branch's Ann. Tex. P. C., page 18, Sec. 31.

Again, in 19 Tex. Jur., page 440, Sec. 287, the rule is thus stated. "In propounding a hypothetical question counsel may assume the facts in accordance with his theory of the case, and it is not essential that he state the facts to the witness as they have been proven. In other words, the question need not embrace all the facts under the conflicting theories of the case; each party may embody in his questions those facts which in his judgment the evidence establishes." See Lovelady v. State, 14 Tex. Cr. App. 545; Jones v. State, 44 S. W. (2d) 710; Duke v. State, 61 Tex. Cr. R. 441. Under the authorities referred to we fail to see any error reflected by the bills.

By bill of exception number nine appellant complains of the action of the trial court in permitting the State to reproduce the testimony of Dr. S. P. Boothe given upon the insanity hearing of appellant. It was shown that Dr. Boothe was dead and the court reporter who took down the testimony testified that he had correctly transcribed the evidence of the doctor.

Appellant objected to the introduction of this testimony on the ground that under the Constitution he was entitled to be confronted by the witness against him on the trial of the case in order that he might take advantage of the cross examination of the witness "on conditions now prevailing instead of conditions that may have prevailed at the time the witness gave the testimony." The court overruled the objection and the State was permitted to introduce the testimony of the doctor, to which appellant excepted. The bill is qualified by the trial court to show that the testimony was offered by the State on the issue of the sanity of the defendant, after the official court reporter had testified as to the correctness of the transcript of Dr. Boothe's testimony; that the testimony of Dr. Boothe was given "on a trial before a jury in this court in this cause on an affidavit of insanity of the defendant;" that the case was called for trial for the purpose of determining whether the defendant was sane; that the said trial commenced on July 11, 1940, and was completed on July 15, 1940, and the trial on the merits thereof was had on July 17, 1940; that the same attorney now representing the defendant was then representing him on said sanity hearing and had the opportunity to cross examine the witness and did cross examine him. As thus qualified the bill fails to show any error inasmuch as appellant was confronted by the witness on his trial where the question of his sanity was in issue, and his attorney cross examined the doctor fully with reference to said issue; and since appellant again raised the issue of insanity on his trial for an assault with intent to murder, the evidence complained of was admissible. Conn v. State, 158 S. W. (2d) 503; Serna v. State, 110 Tex. Cr. R. 220.

It seems to be a settled rule in Texas now that the reproduction at a trial of testimony taken in the presence of the accused at a former trial or preliminary hearing, when the witness is dead, does not contravene the constitutional right of the accused to be confronted with the witness against him. Serna v. State, (supra) ; Conn v. State, (supra) ; Henderson v. State, 104 Tex. Cr. R. 495; 18 Tex. Jur., page 196, Sections 8 and 9.

Bill of exception number ten reflects the following occurrence. The State offered in evidence a judgment adjudging appellant to be sane, in which was included the finding of the jury as a basis for the judgment. Various objections were urged to the introduction of this testimony which we do not deem it necessary to set forth. A similar question was before this court in the case of Kellum v. State, 91 Tex. Cr. R. 272, and decided adversely to appellant's contention. In disposing of the question Judge Lattimore, speaking for the court, quoted from Wig-

more on Evidence, (1st Ed.) Vol. III, page 2076, Sec. 1671, Subd. (a), as follows:

"There is not, therefore, and never has been, any doubt as to the admissibility of an *inquisition* of lunacy, in any litigation whatsoever, to prove the person's mental condition at the time. The only controversy has been whether it is conclusive, i. e., whether it is to be regarded as a prejudical proceeding and a judgment *in rem,* binding upon all persons whatsoever. There also arises for it the question whether the person's mental condition at the time of the inquisition is evidence of his condition at the time in issue; but this is merely a question of the relevancy of the fact evidenced by the inquisition (ante, sec. 233) and not of the admissibility of the inquisition."

The objection to such testimony goes more to the weight of it than to the admissibility. The same question was before this court in the case of Boss v. State, 131 Tex. Cr. R. 574. The judgment was reversed, but not on the ground that the prior judgment of sanity was improperly admitted in evidence.

Bill of exception number eleven reflects the following occurrence. After Dr. Wagner testified that he was present when Dr. Johnson examined appellant in jail at Cuero with a view of determining whether appellant was sane or insane, and that he was also present when Drs. Greenwood and Greenwood, both of Houston, examined appellant in jail for the same purpose and with the same object in mind, and after Dr. Wagner had testified that in his opinion appellant was sane, defendant's counsel asked him: "Now then, before the other examination was made— and by 'the other examination' I mean this last one—I will ask you if it is not true that Dr. Johnson refused to conduct that examination in my presence and after having been assured all I wanted to do was to sit in there and hear the character of examination?" To which the State objected on the ground that it was immaterial and irrelevant and had no bearing on the case, but was a personal matter between Dr. Johnson and defendant's attorney. Appellant nevertheless insisted that the question was proper because counsel for defendant had a right to cross examine Dr. Johnson as to the mode and manner in which he conducted the examination, and the various remarks that were made in connection therewith. The court sustained the objection and appellant excepted. The bill is qualified to show that Dr. Johnson did not appear in court during this trial. However, Dr. Johnson testified for the State at the previous trial in which appellant's insanity was the sole issue involved; that under the circumstances existing as herein set out the

court was of the opinion that any reference to Dr. Johnson was immaterial and irrelevant. It occurs to us that the court's ruling was correct. Had Dr. Johnson appeared at this trial and testified for the State, then counsel for appellant may have cross examined him relative to such matter for the purpose of showing bias, prejudice, or any improper conduct with a view of discrediting him or weakening the probative force of his testimony, but since Dr. Johnson was not a witness at the instant trial, the matter sought to be shown by the witness, Dr. Wagner, did not tend to prove or disprove any fact or solve any disputed issue in the case.

Appellant presented some objections to the court's charge. We have examined the same with care and find no serious defects in it. The main objection appears to be that the court should have defined the term "specific intent" as used in the instructions to the effect that appellant could not be convicted of assault with intent to murder unless he had the "specific intent" to kill at the time the assault was committed. After the objection as indicated appellant requested a charge defining "specific intent to kill" as a "premeditated determination to take the life of the injured party." We are of opinion that the language used by the court in the charge was clear and understandable, and no enlargement thereon was necessary.

Finding no errors in the record upon which a reversal may properly be predicated the judgment is affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The burden of appellant's very forceful argument in support of his motion for rehearing centers around his contention that there was insufficient evidence to show intent on the part of appellant to murder the party assailed at the very time the attack was made. In presenting the argument in behalf of this contention a review is made of the lengthy evidence on the subject. It will not be necessary to quote from the record further than that which has been referred to in this motion

It is admitted in the motion that the assault was unprovoked. This within itself forcibly indicates a condition of the mind existing at the time to inflict an injury but considered alone would be insufficient to warrant finding that he had the intent to commit murder. Likewise, many other circumstances proper to be considered together might, when considered singly, be

insufficient each within itself. All transactions should be considered together by the jury in reaching their conclusion. The error in the argument before us lies in the fact that appellant wants us to consider each act and each statement made by appellant insufficient without thus considering them together.

As recalled .in the motion, appellant told John Bell about thirty minutes before the assault that he was going to whip Wallace and requested Bell to prevent W. A. Blackwell from interferring. Further, the accused expressed regrets a short time after the assault that he had hit him the last lick. This statement was coupled with certain self serving declarations not necessary to mention. It was then presented that these two statements coupled together showed that he had no intention of killing the pary assailed.

Not only did the jury have before it evidence of the manner of the attack, the instrument used and the wounds inflicted but it also considered previous threats made. About a week prior to the offense charged, he was threatening to whip Wallace. Two weeks prior to the attack he said he would kill Wallace if he did not do certain things relative to some property about which appellant was contending. The threat was a conditional one but there is no evidence that the condition was removed or that anything was done to change the terms of the threat, neither are we in position to say that it was incumbent upon Wallace to do the things that appellant was demanding. Much stress is laid upon the statement of the witness that he did not believe that these threats were serious at the time they were made "because he made threats so many times." What the witness thought about the seriousness of the threats could have no further force than the jury was inclined to give it. No doubt the argument presented was also placed before the jury and received their consideration.

Reliance is had for the contention that the case should be reversed on Hawkins v. State, 29 S. W. (2d) 384; Hightower v. State, 35 S. W. (2d) 723; and Hare v. State 80 S. W. (2d) 963. A full consideration of these cases lends but little comfort to appellant's position. In the Hawkins case, it was said that where a weapon used was not a deadly weapon per se the intention to kill may be established by other facts, citing Branch's P. C. Sec. 1636. It was also said in that case, contrary to appellant's contention, that the wounds inflicted on the injured party may be looked to to determine whether or not the weapon used was

a deadly weapon. See also Walters v. State, 35 S. W. 652; Branch's P. C. Sec. 1639.

The Hightower case is hardly in point. The State's evidence in that case, uninfluenced by any defensive testimony, was held to be insufficient. The accused, a negro, had become involved in an argument with a merchant over the price of a can of tobacco. Each was displeased with what the other had said. After leaving the store, appellant returned and was assaulted by the merchant. In defending himself, the negro used a small knife. There seems to have been no evidence of the size of the knife except that it was small or of the nature and seriousness of the wounds inflicted. Certainly nothing is found in the case helpful to us in considering the facts of the instant case.

We will not be able to agree that the Hare case sustains appellant. A knife was used but there is no evidence of its size or the kind and character of it; neither was the extent or seriousness of the wound before the jury. The doctor who dressed the wound was not called and it was held to be insufficient to show intention.

In neither of the foregoing cases cited by appellant do we find consideration given to any previous threat, conditional or otherwise, while in the instant case we have evidence of threats at least sufficient to show premeditated intention on the part of appellant to inflict some kind of wound in which he desired no interference. This threat was preceded by repeated threats to take the life of the party attacked if he did not do certain things. We remain of the opinion that the evidence was amply sufficient to warrant the charge and support the verdict.

The motion for rehearing is overruled.