WALTER STOCKTON V. THE STATE.

No. 22494. Delivered May 5, 1943.
Rehearing Denied June 16, 1943.

The opinion states the case.

John A. Storey, of Vernon, for appellant.

Spurgeon E. Bell, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of ten years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. In order that this opinion may reflect the basis for our conclusion on the question presented, we deem it proper to briefly state the evidence adduced by the State on the trial of the case. The prosecutrix testified that she was thirteen years of age at the time of the commission of the alleged offense; that on a Saturday night about three weeks prior to the trial she met appellant near Main Street in the City of Vernon while walking towards her home; that he invited her to go to a show with him but she declined to do so; that when they reached a point about 120 feet from an alley on Main Street, he shoved her into the alley, up against a solid board fence and by force had an act of sexual intercourse with her; that she resisted him and cried out for help, but notwithstanding her resistance and cry for help he succeeded in accomplishing his purpose.

Sarah and Norma Lee Campbell, who lived near the alley in question, testified that they heard some one calling for help; that they immediately informed Mrs. Rogers of what they had heard and she called the officers. Garland Black and Charley Boyd went immediately to the alley in question in response to the call. Just as they turned into the alley, their lights shone on a boy and girl standing there. They took them to jail, where

they confined the appellant and then carried the prosecutrix back to her mother and left her.

Appellant denied that he had sexual intercourse with the prosecutrix, and he also pleaded insanity. He introduced a number of witnesses who testified to acts and conduct on his part which tended to show an abnormal mind. A number of physicians expressed the opinion that he was abnormal, but that he had sufficient intelligence to know the right from wrong. The court, in his charge, instructed the jury on the law applicable to the case, and also gave a correct instruction relative to his plea of insanity, to which no objections were addressed.

Appellant brings forward two bills of exception. The first bill reflects the following occurrence: When appellant began to introduce evidence in support of his plea of insanity, the District Attorney, in the presence and hearing of the jury, made the following statement: "Now, if the Court pleases, we anticipate this question and also some other questions that come up in the due line of thought here, and we want to object to this line of thought here, and we want to object to this line of testimony for the reason that this defendant has had an insanity hearing in the County Court and he has been determined to be a sane individual and we object to any further testimony in regard to any insanity on his part."

Appellant objected to the foregoing statement by the District Attorney on the ground that it was highly prejudicial; and the court promptly sustained the objection and instructed the jury not to consider it. Although appellant was adjudged to be sane by the County Court, this did not estop him from again submitting the plea of insanity and evidence in support thereof to the jury on his trial for the offense of rape, because the judgment of the County Court was not conclusive on that issue. The statement was improper because the judgment of the County Court was the best evidence. If the State desired to get the matter before the jury, it should have offered the judgment in rebuttal to the evidence introduced by appellant in support of his plea. See Kellum v. State, 91 Tex. Cr. R. 272, 238 S. W. 940; McMurrey v. State, 168 S. W. (2d) 858.

Bill of Exception No. 2 reflects that while Mrs. Irene Bonner was testifying in support of appellant's plea of insanity, the District Attorney, in his objection thereto, stated that the defendant had had an insanity trial in the County Court and had been adjudged to be a sane individual. To this statement appel-

lant again objected on the same ground, and the court sustained the objection and again instructed the jury not to consider the same. Appellant contends, however, that notwithstanding the court's ruling the remark was of such a prejudicial nature that the court could not have effectively withdrawn the same from the minds of the jury. This contention seems to be sustained by the testimony of the jurors who testified upon the hearing of the motion for new trial that in their deliberation on the issue of whether appellant was sane or insane they did, to some extent, take into consideration the statement of the District Attorney complained of. It is obvious that the District Attorney, by his conduct, got before the jury unsworn testimony of a secondary nature upon a material issue which they, according to their own admission, considered in determining whether the appellant was sane or insane at the time of the commission of the offense charged. When the court sustained appellant's first objection to the remark complained of the District Attorney should have respected the ruling of the court and refrained from repeating the ex parte statement. While we regret the occurrence, yet, under the peculiar facts as here disclosed, we feel constrained to reverse the judgment of conviction.

It is therefore ordered that the judgment be, and the same is, reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing which relates solely to questions discussed in the original opinion.

The ground upon which the case was reversed is supported by the authorities of this court, cited in the original opinion.

The State's motion for rehearing is overruled.