## IKE LONG v. THE STATE.

### No. 3038.   Decided November 23, 1904.

**1.—Assault With Intent to Rob—Intent—Evidence.**

Where the proof showed that appellant came up with prosecutor and his companion about dark as they were en route to B. and after walking with them a short distance and some general conversation, suddenly stepped out in front of them, threw his gun in their faces and said, "Halt! Throw up your hands!" and thereupon they ran and appellant fired in the direction of prosecutor as the latter ran, appellant in the mean time running away, there was sufficient evidence that the assault was made with the specific intent to rob.

**2.—Charge of the Court—Aggravated Assault.**

Where an assault with intent to rob was alleged with a firearm, but there was no allegation that the same was a deadly weapon, it is doubtful whether the indictment embraced an aggravated assault and it was not error to refuse to charge on this subject.

Appeal from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

Appeal from a conviction of assault with intent to rob; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to rob, and his punishment assesed at five years confinement in the penitentiary; hence this appeal.

The only question that requires consideration is whether or not the facts are sufficient to support the conviction. There is no question from the State's testimony that appellant committed an assault on prosecutor, but does the testimony show that the same was made with the specific intent to rob? The testimony upon this point is substantially as follows: Appellant came up with prosecutor and his companion about dark, as they were en route from Gladys to Beaumont, situated several miles apart. He walked with them a short distance, and after some general conversation with them, suddenly stepped out in front of the prosecutor and his companion, threw his gun in their faces, and said, "Halt! Throw up your hands." He threw his gun on Coleman (appellant's companion) when Coleman broke and run, and he fired in the direction of Coleman as he ran. Appellant in the mean time ran away. This constituted the assault. The record does not disclose that appellant made any demand of the assaulted party to give up, or surrender any money, or anything of value, but it is shown that there was no opportunity to do this, both parties fleeing as soon as he attempted to hold them up. There was no evidence of any personal malice or grudge between appellant and prosecutor. Indeed, they were

strangers to each other. The meeting was in the night time, and appellant's conduct toward prosecutor aroused his suspicion, which was subsequently justified by the conduct of appellant. He sprang in front of them, told them to throw up their hands, when they immediately fled, and he fired upon them. It occurs to us that sufficient is shown here to have justified the jury in finding as they did, that the assault was made with the specific intent to rob.

Appellant complains that the court failed to give his special instruction authorizing the jury to convict of an aggravated assault. We do not believe the allegations in the indictment authorized the court to give such a charge. True, an assault is alleged to have been made with a firearm, but it is not alleged that the same was a deadly weapon. In the absence of such allegation, it is doubtful if the indictment embraces an aggravated assault. While it did embrace a simple assault, a charge on this subject was not requested: besides in our opinion the evidence did not require a charge on aggravated assault. There being no error in the record, the judgment is affirmed.

*Affirmed.*