### L. R. SMILEY v. THE STATE.

No. 5861.   Decided June 23, 1920.

1.—Assault with Intent to Rob—Alibi—Circumstantial Evidence—Charge of Court—Intent—Identity.

Where, upon trial of assault to rob, the matter of identity and specific intent to rob is left by the evidence in a condition to render it necessary that the jury determine by inference from facts rather than from direct testimony that defendant is guilty, his request that the jury be instructed upon the law of circumstantial evidence should have been granted, he having pleaded an alibi.

2.—Same—Aggravated Assault—Exhibition of Wounds.

Where the indictment alleged an assault to rob it necessarily included a charge on aggravated assault, and it was, therefore, no reversible error to introduce in evidence the extent of the injury received by the exhibition of the wounds.

Appeal from the District Court of Wichita. Tried below before the Honorable H. F. Weldon.

Appeal from a conviction of assault to rob. Penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited: Harris v. State, 148 S. W. Rep., 1080.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of an assault with intent to rob Harry M. Reed. It appears that as Reed was approaching his home and about to enter his gate, he was attacked by three men. As he described the matter, they came to him, and the man in the middle said: "Stick them up." Reed replied: "What is your idea," and he said: "Stick them up," when Reed replied: "Put that thing up, you are going to hurt yourself." Quoting: "Just then the fellow on the left struck me with his gun, hit me on the jaw, and I hit the fellow on the right and knocked him about ten feet, and swung at the fellow on the left, knocking him off the

curbing and then the one on the right hit me and knocked me to my knees; then the man in the middle came at me, and from that time on it was a free-for-all. I began to holler, and the Lowry boys came running out of their home, and the three fellows beat it. I engaged in the difficulty, and observed the appearance of the man, and identify the defendant as the one in the middle, and he was engaged in the difficulty.''

Alibi was the defense interposed by the appellant, and he urges that a charge on circumstantial evidence should, upon his request, have been given to the jury. The identity of the assailant in a prosecution for assault frequently depends upon circumstances, and this is true in some instances although the injured party may claim on the trial to identify the accused; and experience has demonstrated that the mere conclusion of the party injured touching the identity of the offender, where there is no previous acquaintance, no peculiarities noticed, and the opportunity for observation limited, is often unreliable. Wills on Circumstantial Evidence, pp. 33, 113, 115, 210; Burrill on Circumstantial Evidence, p. 606. In this case, Reed had no acquaintance with the appellant. He states upon cross-examination that in his identification on the trial there was a possibility, though not a probability, of mistake. The assault was at night—though the moon was shining. The observation of the assaulting parties was but momentary, and necessarily under excitement. Reed afterwards saw in a business house the appellant, who, according to the judgment of Reed, met the description that he held in his mind of one of the assailants. He gave no details, no peculiarities of stature, personal appearance, gait, habit, traits, tone of voice, nor does he describe any article in the possession or pertaining to the clothing of his assailant. His identification is necessarily but the inference which he draws from the similarity of appearance of one of the men who assaulted him and the appellant.

To sustain the conviction of assault with intent to rob it was essential that the evidence show a specific intent to rob. The proof describing the assault would undoubtedly sustain a conviction of aggravated assault, and might, if the indictment was so framed, sustain one for assault with intent to murder, this, of course, predicated upon there being sufficient proof of identity. There are cases in which facts somewhat similar have been held sufficient to show that the assault was with the specific intent to rob. Long v. State, 47 Texas Crim. Rep., 296. In that case, however, the assailant was identified with certainty, and presenting a gun demanded that the injured party stop and ''throw up your hands,'' and upon the party assailed running, a shot was fired upon him. Other facts, according to the opinion of the court, eliminated any other intent than that to rob. The case before us is not so plain. The command was to ''stick them up.'' This probably meant ''throw up your hands.'' The attack took place so near the home of Reed that assistance was in easy call, and

87 Tex.—34

reached him during the melee. He received injuries which, as above stated, might have indicated that the intent of the parties was to murder him, or to injure him. They made no demand upon him for his property. The facts are somewhat similar to those in the case of Sanders v. State, 53 Texas Crim. Rep., 613, 111 S. W. Rep., 157, in which it was held the intent was not sufficiently established. We are not prepared to hold that the evidence in the instant case was not sufficient to sustain conviction, but are of the opinion that in the matter of identity and specific intent to rob the evidence is left in a condition to render it necessary that the jury determine by inference from facts rather than from direct testimony that the appellant is guilty; and we think the appellant's request that the jury be instructed upon the law of circumstantial evidence should have been granted.

Complaint is made of the exhibition of the wounds received by Reed in the encounter. As the matter is presented, we think that this would not justify a reversal of the case, for the reason that the indictment included a charge on aggravated assault, and the character of wounds received might have enabled the jury to decide that issue if it had been submitted to them, and in this connection we suggest that upon another trial it should be submitted.

For the reasons pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*