CLAUDE TOWNSEND V. THE STATE.

No. 18141. Delivered April 8, 1936.

The opinion states the case.

*J. R. Bogard,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder one Allan Marshall, punishment being assessed at confinement in the penitentiary for one year.

Appellant and R. C. Townsend are brothers; R. C. being about thirty years of age and appellant about twenty years of age. The two Townsends, Allan Marshall, with many other persons, attended a dance at the home of Arthur McWilliams on the night of February 16, 1934, at which time the difficulty arose out of which this prosecution grew. Allan Marshall

testified, in substance, as follows: He was one of the party furnishing music for the dance. During the course of the evening R. C. Townsend had requested the musicians to play a certain piece of music, saying if they would do so he would give them a drink. The musicians rendered the piece of music requested by Townsend, but Marshall did not go get his drink and was fearful that R. C. would be offended; after R. C. had returned to the room Marshall motioned him two or three times in order that he (Marshall) might apologize for not having had his drink. R. C. did not respond to the motions made by Marshall and the latter went across the room to tender apologies for not drinking, and R. C. immediately began abusing and cursing him. Marshall then struck R. C. on the head with brass knuckles, knocking him down, Marshall falling on top of him and continuing to strike him with the brass knuckles. R. C. was bleeding as a result of the blows. Up to this time appellant, who was standing near, had taken no part in the difficulty, but while Marshall was still striking appellant's brother with the brass knuckles Marshall claims that appellant also struck him. During the course of the difficulty Marshall was cut severely across the stomach and claimed to have received two or three other cuts. Marshall did not know who cut him. It was the testimony of all the witnesses, both for the State and appellant, that the latter took no part in the beginning of the difficulty whatever; no witness heard him say a word, and they all agree that if appellant did cut Marshall it was after Marshall had knocked appellant's brother down with the brass knuckles and was continuing to assault him therewith. R. C. Townsend's version of the matter was that Marshall motioned to him two or three times to come over where Marshall was. R. C. did not go and Marshall got up and took from his pocket the brass knuckles and knocked R. C. down with them. R. C. denied having asked for any music, or having promised any drink to Marshall, or that he had cursed Marshall immediately before the assault, and affirmed upon the witness stand that he was the one who cut Marshall, and not appellant. Appellant did not testify. The wife of Marshall was the only witness who testified that appellant did the cutting, and R. C. Townsend's wife testified that her husband did the cutting, and not appellant.

The only defensive charge submitted to the jury was one which instructed that if R. C. Townsend cut Marshall that the jury should acquit appellant. The charge of the court was excepted to because there was no instruction incorporated

204

therein covering appellant's right to act in defense of his brother.

We are of opinion this exception should have been responded to by the court. It is true there was no direct testimony that appellant was acting in defense of his brother, but the issues in a case are raised by all the evidence. The jury may not have believed the brother's testimony that he cut his assailant, but might have believed from all the evidence that appellant was acting in defense of his brother. No witness testified to any fact tending to show ill will on appellant's part towards Marshall, or that any prior difficulties had occurred between him and the brothers. The facts are quite similar to those in Ashworth v. State, 19 Texas App., 182, in which this court held that the issue of defense of another should have been submitted. The Ashworth case arose before a defendant was permitted to testify. See also Monson v. State, 63 S. W., 649; Trevino v. State, 72 Texas Crim. Rep., 91, 161 S. W., 108, and Art. 1222, P. C. (1925).

It appears from bill of exception number two that appellant objected to the exhibition to the jury of the scars from the wounds received by Marshall. Facts are so certified in the bill bringing the matter forward that quite a serious question is presented. In event of another trial the case of Graves v. State, 124 S. W., 677, may be consulted with profit by representatives of the State.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.