DAVID MELENDEZ V. THE STATE.

No. 23638. Delivered May 7, 1947.

*Tupper & Tupper* and *W. C. McDonald,* all of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault to murder without malice and assessed a penalty of two years in the penitentiary, and he appeals.

The facts show a drunken row between appellant and his brother and the injured party. It is shown that these parties visited several beer joints, drinking at each place, and an old grudge between Moses Melendez, appellant's brother, and the injured party, Adolph Guillen, seemed to furnish the cause of Moses and Guillen's desire to fight growing more intense with the drinking of each bottle of beer. Finally, at their last encounter two deputy sheriffs appeared on the scene, and upon someone making complaint that Guillen was armed with a pistol he was caused to remove his shirt in the presence of such officers, but no pistol was found on him. The quarrel pro-

ceeded, and from conflicting and unsatisfactory testimony, we gather that Moses, as advised by the officers, finally refused to fight with Guillen, but they went out near the Black Cat beer joint, and Guillen was severely and dangerously cut by appellant, who used a three-inch bladed knife in the encounter.

Appellant offers but one complaint herein and that relates to the trial court's refusal to give in his charge to the jury his Special Requested Charge No. 1, which included the right of one to go to the assistance of another who is being offered unlawful violence to the same extent as though the violence was offered against the one offering such assistance. That this is a correct proposition is not questioned. However, the trouble arises herein on the facts as to whether such a charge was demanded thereby. If appellant thought that his brother Moses was under attack, or about to be attacked by Guillen and in danger therefrom, he would have the same right to interfere in such case as if the attack was upon himself. Let us see what appellant says he though at the time he used his knife upon Guillen:

"I said, 'don't fight with Moses'; he said, 'that ain't your business' and he hit me right here (indicating) and that knocked me back, or bent me kind of back. At that time I was afraid of him; I was afraid he might pull that gun on me, or he might cut me with the knife. I got my knife out and there were about fifty or sixty people there that night, and I just started to cut him, but I don't know if I cut him—maybe four or five times, and then I throw my knife to the floor. I had to do that to save my life. When I first went out there I feared for the life of my brother, Moses; I was afraid my brother was going to get hurt. After that I thought maybe I was going to get hurt. I felt like I had to use my knife to protect myself. * * * I did not see Guillen pull a gun in Moyas' place that night. I saw him pull it on me; I see him pull it on me, but I never see him pull it for Moses."

We are cited to the case of Medina v. State, 87 Tex. Cr. R. 81, 219 S. W. 453, in which case it was shown that the person injured had a pistol drawn threateningly on the accused and his four brothers, pointing it at all of them as they stood together, and it was correctly held that such accused not only had the right to defend himself against such attack but also his brothers who were under attack. Not so in this case. Moses was not struck. He was not fighting Guillen, but he was merely "out there" with some fifty or sixty others, and on account of

Guillen striking appellant, he cut Guillen four or five times, not on account of his fear for brother Moses, who was not being attacked, but in order to protect himself.

Branch's Ann. Tex. P. C., p. 1065, sec. 1914, says:

"The charge of the court should not submit the theory of defense of another when there is no evidence to support it." (Bedford v. State, 36 Tex. Cr. 477; 38 S. W. 210; Mitchell v. State, 38 Tex. Cr. R. 170, 41 S. W. 816; Rembert v. State, 148 S. W. 1097; Singleton v. State, 167 S. W. 49.)

If appellant's brother for whom he feared was in any difficulty with anyone, it is not shown by the evidence, and appellant does not say that he saw him in such difficulty. True it is he says that when he went "outside" he feared his brother was going to get hurt, but when he arrived "outside", he doubtless found such fear groundless, and his fear changed to himself, and he then felt like he had to use his knife to protect himself. From the testimony we gather that Moses was not hurt in any way, and he testified:

"I didn't lay my hands on him (Guillen); I guess David did the work. The reason he did was because he hit him. I was scared but I don't know about David."

We think that because of the mere fear that Guillen might hurt his brother Moses such would not justify an attack upon the injured party by appellant, especially is this true where it is shown that no attack was being made upon Moses.

In the case of Mitchell v. State, 38 Tex. Cr. R. 170, 41 S. W. 816, cited in Branch, supra, it was held that where it appeared that the accused fired on the deceased solely to prevent him from killing the accused, it was not error to fail to charge upon the accused's right to kill deceased if he was attempting to take the life of accused's friend, and especially so where such attack of deceased was not seen by the accused.

In the case of Shine v. State, 99 Tex. Cr. R. 418, 269 S. W. 804, an attack was in progress against not only the accused but also against his friend. To the same effect are the facts proven in the case of Townsend v. State, 130 Tex. Cr. R. 202, 93 S. W. (2d) 156, as well as in the case of Martinez v. State, 152 S. W. (2d) 369, 142 Tex. Cr. R. 369.

We are impressed with the thought that appellant cut the injured party because, as he claimed in his testimony, of their own difficulty and not while acting in the defense of his brother. We think the trial court correctly refused the charge relative to the defense of another.

Thus believing, the judgment will be affirmed.