ELI GRIMS V. STATE.

No. 26,094. December 3, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, thirty days in jail and a fine of $50.00.

The injured party testified that the appellant, without any provocation, attacked him in a pool hall with a medium size Texas jack knife, having a blade 2½ or three inches in length, and cut him across the arm, behind his ear, and on the back part of his neck.

Officer Cravens testified that he had ten years' experience as a peace officer and that a knife such as described by the injured party, when used as he had testified it was used on him, would in his opinion be an instrument reasonably calculated to produce serious bodily injury.

Appellant, testifying in his own behalf, admitted striking the first blow of the encounter, but stated that he did not draw his knife until the injured party had begun to choke him.

The jury resolved the issue of self defense against the appellant, and we find the evidence sufficient to support the verdict.

Bill of Exception No. 1 complains that the marks and scars on the body of the injured party were exhibited to the jury. Appellant's objection was overruled, but no exception to the action of the court appears to have been taken. An exception is requisite in order to present the matter for review. Valtiero v. State, 153 Tex. Cr. R. 260, 219 S. W. 2d 73.

Recently, in McMurrey v. State, 145 Tex. Cr. R. 439, 168 S. W. 2d 858, we said:

"By bills of exception numbers three and four appellant complains of the action of the trial court in permitting the injured party to exhibit the scars left on his body as a result of the wounds inflicted upon him by appellant. There is nothing in the bill to show that the scars had an ugly, ghastly or revolting appearance such as was calculated to inflame the minds of the jury to the prejudice of appellant. In the absence of such a showing no error is reflected by the bill. See Smith v. State, 129 Tex. Cr. R. 273, 86 S. W. 2d 750; Harris v. State, 106 Tex. Cr. R. 539, 293 S. W. 822; Gandy v. State, 137 Tex. Cr. R. 412, 120 S. W. 2d 661."

The record before us does not show the character of the wounds exhibited, and therefore no error is presented by the bill.

Bill of Exception No. 2 complains of the asking of a hypothetical question of officer Cravens. The bill does not show that the question was in fact answered and is therefore insufficient to present a question for review. Marshall v. State, 82 Tex. Cr. R. 623, 200 S. W. 836.

We feel that the officer was qualified by experience to answer the question propounded.

Finding no reversible error, the judgment of the trial court is affirmed.