## CARL A. SISSON V. STATE

No. 27,150.   November 24, 1954

*Howze & Howze,* by *John Howze,* Monahans, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to rob; the punishment, 5 years.

Mrs. Swafford, the owner and operator of a cafe on Highway 80, testified that on the night in question Mr. and Mrs. Taylor and three Latin-Americans were in her place of business; that the appellant and a companion came in; that she got suspicious, told Taylor to watch after the place, and went to her house, which was located at the rear of the lot, to get her pistol. She stated that Mr. Taylor was her renter and that she had on

several occasions left him temporarily in charge of her place of business.

Evidently the incident which forms the basis of this prosecution occurred during her absence because she testified that she did not see the appellant again.

Taylor testified that the appellant and his companion came to the cafe on the night in question, asked for a drink of water and then left; that he heard them racing the motor of their automobile outside and became suspicious; that Mrs. Swafford told him she was going to her house and asked him to watch after the cafe until she returned. Taylor stated that the appellant and his companion re-entered the cafe; that the appellant took up a position at the door, pointed a pistol at him and said, "Everyone sit still, this is a hold up. Nobody will get hurt"; that his companion went to the cash register and tried to open it but was unable to do so and reported to the appellant, "It is hung." Taylor testified that the appellant instructed his companion to, "Bring it with you," but he could not lift it, and about that time an automobile drove up and the appellant and his companion fled.

Mrs. Taylor corroborated the testimony of her husband and stated that Mrs. Swafford from time to time had left her place of business, had asked her and her husband to look after it, and during such times they would wait on the customers.

Highway Patrolman Gilbert testified that on the night in question he had investigated a wrecked automobile some seven miles east of the cafe and found a 22-caliber pistol lying near it. He identified the pistol introduced in evidence.

It was shown that the same pistol had been sold to the appellant at Van Horn 96 miles west of the cafe approximately two and a half hours before the incident here involved.

The appellant did not testify in his own behalf, and we find the evidence sufficient to support the conviction.

Appellant moved for an instructed verdict and now contends that the state failed to prove that he assaulted Taylor with intent to rob Taylor, as charged in the indictment. He asserts that the record does not establish that Taylor had the control and management of the cash register at the time of the assault in question. Able counsel carefully briefed the question and says

he can find no case where possession was charged to be in a person who had no duty to care for the property. We do not think that duty to care for property would arise only where one was a paid employee of the owner of the property. Here, it appears that Mrs. Taylor had worked for Mrs. Swafford, though she was not working on the night in question. The Taylors lived in a house back of the cafe which they rented from Mrs. Swafford and had on several occasions looked after the cafe for her in her absence. This, we think, is sufficient to place Taylor in possession of the cafe and its contents at the time in question.

Appellant complains of the refusal of the following requested charge:

"You are instructed that the intent to rob S. W. Taylor must have existed in the mind of the defendant at the time the assault, if any, was made upon S. W. Taylor and unless you find and believe from the evidence that such intent on the part of the defendant existed at the time of the assault, if any, was made upon S. W. Taylor, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, Not Guilty."

He relies upon two cases which hold that such a charge should have been given. In Mortimer v. State, 97 Texas Cr. Rep. 485, 262 S.W. 501, the appellant did not take anything from the store *nor did he demand anything from the owner.* The state's case, at most, shows that he assaulted the owner of the store with a piece of iron pipe. We think this is clearly distinguishable from the case at bar.

In Aughton v. State, 149 Texas Cr. Rep. 504, 196 S.W. 2d 642, the appellant entered the garage and, as in this case, said, "This is a hold up," but in that case the appellant actually took a billfold from the injured party but for some unexplained reason left it intact on a shelf before leaving the premises.

In the case at bar it is apparent that the intent to rob existed and that the arrival of an automobile frustrated the plan.

Finding no reversible error, the judgment of the trial court is affirmed.