**Milton Lewis BOWKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45031.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Richard Hoffman, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment, en-

hanced under Article 62, Vernon's Ann. P.C., twelve years.

The sufficiency of the evidence is not challenged. Appellant contends that he "was convicted for an offense not alleged in the indictment."

■ The basis for this contention is that the indictment alleges that the burglary occurred on March 28, 1970, and the proof adduced at the trial established that the offense occurred on May 28, 1970; hence, he contends a fatal variance.

Article 21.02, Vernon's Ann.C.C.P., provides that:

"An indictment shall be sufficient if it has the following requisites:

. . . . . .

"6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation."

The statute of limitations for the prosecution of the crime of burglary is five years. See Article 12.03, V.A.C.C.P.

The record reflects that the indictment in the instant case was presented by the grand jury on July 8, 1970.

In Glenn v. State, Tex.Cr.App., 436 S.W.2d 344, at pages 345, 346, this court stated:

"We further note that even if the date in question could be interpreted as meaning the '2nd day of Spring, 1964' such date would be anterior to the presentment of the indictment and within the period of limitation. Article 12.03, V.A. C.C.P. It is well established that the state is not bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged, if the date proved to be a date anterior to the presentment of the indictment and not so remote as to be barred by limitation. 1 Branch's Ann.P.C.2d Ed., Sec. 459, p. 457."

See also Brown v. State, Tex.Cr.App., 475 S.W.2d 938, and cases cited therein under headnote [29].

■ Further, the record is devoid of any motion to quash the indictment or any objections made to the indictment. Also, there is no showing that the appellant asked "for a postponement in order to make a more effective defense." See 30 Tex. Jur.2d, Indictment and Information, Sec. 63, pages 646, 647, and 648.

No error is shown.

■ Finally, appellant contends that he "was illegally convicted as a second offender."

The indictment in this case alleges that prior to the commission of the primary offense, to-wit: on the 26th day of April, 1963, in the Criminal District Court Number 5 of Harris County, Texas, in Cause No. 103,426, appellant "was duly and legally convicted of an offense of like character and of the same nature as that charged against him in this cause, to-wit: the offense of burglary, a felony, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, and that said conviction was a final conviction."

Such allegation in the indictment is sufficiently specific to apprise appellant of the prior offense upon which the state seeks the enhanced penalty pursuant to Article 62, supra. Compare Watts v. State, Tex. Cr.App., 430 S.W.2d 200. The allegation in the case at bar is substantially in the form recommended and set out in Willson's Criminal Forms, 7th Ed., Sec. 2332, page 538.

There being no reversible error, the judgment is affirmed.