George G. JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45127.

Court of Criminal Appeals of Texas.

June 21, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to commit robbery; the punishment, eight (8) years.

The record reflects that three men, one of whom was identified as the appellant, stopped the complaining witness and demanded his money and then stabbed him in the back and in the chest. The complaining witness testified he had $80 with him at the time of the incident and that he later discovered that he had been able to escape before the money was taken.

Appellant's first ground of error is that the evidence is insufficient to support the allegations in the indictment. The indictment alleges that the appellant did "unlawfully and willfully make an assault upon the person of Rufus Hines . . . and did . . . fraudulently attempt to take . . . $80 in current money of the United States of America."

■ Appellant contends that since the indictment alleged he had attempted to take $80, the State was required to prove that he actually intended to take that specific sum. Appellant's contention was adversely answered in Angley v. State, 35 Tex.Cr.R. 427, 34 S.W. 116, where the Court said:

"It is well settled that it is not necessary for the person to have money in order to be the subject of an assault with intent to rob."

Appellant's reference to the descriptive nature of "$80 in current money of the United States of America" is misplaced, and has no application under the facts before us. Jones v. State, 89 Tex.Cr.R. 355, 231 S.W. 122.

Further, the record reflects the following testimony by the complaining witness which appellant sets forth in his brief:

"Q Okay, and what did you say after this man—

"A I said, 'I am fixing to go home.' and he said, 'No, you isn't,' he said, 'Give us your money.'

"Q He said, 'No, you what'?

"A He said, 'No, you isn't; give us your money.'"

\* \* \* \* \* \*

"A . . . and he had the door open and a knife on me.

"Q Okay, and were you in fear of your life and bodily injury while these men had their knives on you?

"A Yes, sir."

The evidence is, therefore, sufficient to show an assault on the complainant with an intent to rob him. See Arts. 1163 and 1165, Vernon's Ann.P.C.

Appellant's grounds of error number two and three are that the court erred in failing to charge the jury that the appellant could not be convicted except upon proof that he had the specific intent to rob the complainant of $80.

■ The court's charge, as given, required a finding that appellant "then and there" intended fraudulently to deprive the victim of his property. We find the charge sufficient as submitted. Cf. Sisson v. State, 160 Tex.Cr.R. 528, 272 S.W.2d 733.

Appellant's grounds of error two and three are overruled.

■■ Appellant's ground of error number four is that the court "failed to define the word 'attempt' to the jury as required . . . ." Appellant did not object to the charge on the ground he now urges. All objections to the court's charge and requests for additional instruction must be presented to the court in writing and must specifically state the objection or the requested charge. Arts. 36.14, 36.15, Vernon's Ann.C.C.P., Hill v. State, Tex.Cr. App., 466 S.W.2d 791.

Appellant's ground of error number four is overruled.

■ Ground of error number five claims the court erred at the hearing on punishment in permitting the complainant to exhibit the scars which allegedly resulted from the wounds inflicted on him during the attack. The witness was asked to raise his shirt and show the jury the scars on his back. Nothing further is shown in the record. This Court has, on repeated occasions, considered this question. In Grims v. State, 158 Tex.Cr.R. 35, 253 S. W.2d 52, we said:

"The record before us does not show the character of the wounds exhibited, and therefore no error is presented by the bill."

Later in Salazar v. State, Tex.Cr.App., 397 S.W.2d 220, 224, we said:

"We cannot bring ourselves to conclude that the mere exhibition of scars standing alone constitutes reversible error.

"The burden is upon the appellants to impress this Court with the Gruesomeness of the exhibition."

Appellant's ground of error number five is overruled.

■ Appellant's grounds of error number six and seven complain of an alleged defect in the indictment and the charge respectively.

We find no motion to quash the indictment in the record nor any objection to the charge on the ground the appellant now challenges. Neither constitutes fundamental error.

Appellant's grounds of error number six and seven are overruled.

Finding no reversible error, the judgment is affirmed.

ODOM and ROBERTS, JJ., concur in the results as to ground of error number five.