Roy **LYDIA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45260.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of assault with intent to rob; pun-

ishment was assessed at ten years. (Jones v. State, Tex.Cr.App., 481 S.W.2d 833, is a companion case.)

Rufus Hines testified that on April 17, 1970, as he was leaving a cafe in Dallas, he was approached by three men who asked him for a ride. He replied that he was on his way home, whereupon he was ordered to hand over his money. He testified that the appellant and George Jones held knives on him, and that Jones stabbed him in the chest and the appellant stabbed him in the back. He managed to escape from his attackers and remained hidden from them for a short time when he was approached by police officers. He told them about the incidents that had just happened. He was taken to a hospital, treated and released. No money was taken from him.

E. R. Reynolds, a Dallas police officer, testified that he was on duty on the date and at the location in question, when he observed what appeared to be a scuffle. He drove his marked squad car closer and observed three men accosting the complaining witness. He apprehended two of the three and then located the complaining witness who reported the difficulty. He thereafter sent the witness to Parkland Hospital and had his car placed in the police pound.

E. D. Mixon, a Dallas County Probation Officer, was riding with Officer Reynolds on the date in question. He testified that he also observed the scuffle. He stated that he observed knives in the hands of the assailants, and assisted in the apprehension of the appellant and his companion.

Emmett Sneed, a special security officer, testified that he was patroling the location when he observed two individuals running down the road being followed by a squad car and he assisted in the apprehension of the two, one being the appellant.

Jennie Earl Kelly, a defense witness, testified that on the date in question she was walking down the street when she observed two men assaulting another. She then observed appellant and his companion cross the street as if to assist the man being assaulted. She observed all of the men start running, including the complaining witness, apparently because of the noise being created.

George G. Jones testified that on the occasion in question he observed a fight. He stated that he and the appellant attempted to stop the fight and they crossed the street to do so. He testified that he ran from the scene when everybody else did because he was afraid that he might be injured. The appellant testified in his own behalf and substantially corroborated the testimony of Jones and Witness Kelly.

First, the appellant contends that the evidence is insufficient to sustain the conviction and a variance appears between the proof offered and the proof required by the indictment. This contention is based on an allegation in the indictment that there was a fraudulent attempt to take from the complaining witness "Eighty Dollars current money of the United States of America." Appellant argues that inserting the above quoted part in the indictment constituted a descriptive allegation of the property alleged therein; and the record offers no proof that appellant and his companions had any knowledge that the complaining witness had Eighty Dollars current money of the United States in his possession.

The evidence shows that an assault was made on the complaining witness and that at that time he had on his person slightly more than Eighty Dollars. Therefore, the jury had before them evidence from which they could conclude that the intent was to take from the victim whatever money he had, which was shown to be slightly more than Eighty Dollars. Furthermore, proof of the amount of money, or the fact that the victim had any money at all, would only be pertinent if the appellant showed that he knew the victim had no money. Angley v. State, 35 Tex.Cr.R. 427, 34 S.W.

116. The evidence is sufficient to support the verdict.

■ Next, appellant urges that the court committed reversible error by failing to instruct the jury that the proof must show that he had a "specific intent to rob" the complaining witness of Eighty Dollars.

The evidence shows that the robbers demanded the complaining witness to "give us your money." Such demand shows a specific intent to rob. Sisson v. State, 160 Tex.Cr.R. 528, 272 S.W.2d 733; Long v. State, 47 Tex.Cr.R. 296, 83 S.W. 384.

Appellant's reliance on Alaniz v. State, 147 Tex.Cr.R. 1, 177 S.W.2d 965, is misplaced. Therein, the taking of the property by the defendant's companion was not contemporaneous with the assault, and the court stated, at page 967:

"If there had been no previous agreement or understanding among appellant and his companions to rob Laweller, and after the fight was over they had started away and Perez returned to the scene of the fight to recover his cap, and then discovered the billfold lying beside the body of Laweller, and took possession of it without appellant having any knowledge thereof, or any connection with the taking by Perez, appellant would not be guilty of the offense of robbery although he later accepted part of the contents of the billfold."

Such is not the situation in the instant case. Herein, all the robbers were together when the assault occurred and the demand for the money was made.

Appellant also cites Mortimer v. State, 97 Tex.Cr.R. 485, 262 S.W. 501, and Smiley v. State, 87 Tex.Cr.R. 528, 222 S.W. 1108. In both *Mortimer* and *Smiley* there were no words or acts indicative of an intent to take property; whereas, in the case at bar, it is apparent that the intent to rob existed and the fact that the complaining witness broke and ran was what frustrated their plan to carry out the robbery. Sisson v. State, supra.

■ Appellant also complains of the failure of the trial court to define the word "attempt" to the jury.

No objection was addressed to the court's charge on this ground, as is required under Article 36.14, Vernon's Ann.C. C.P., therefore such ground of error is not before us for review.

Next, appellant contends that the court erred when the prosecution was allowed to "exhibit various scars" on the complaining witness, allegedly the result of wounds inflicted by appellant and his companions, at the hearing on punishment.

During the assault the complaining witness was stabbed several times. The state attempted to exhibit scars, which allegedly resulted from those stabs, to the jury during the guilt-innocence stage of the trial, but appellant's objection thereto was sustained by the court. Such exhibition was permitted, over objection, at the punishment stage of the trial.

The rule is stated in 4 Branch's Ann.P. C., 2d Ed., Section 1816, at page 176, that:

"In any event, in the ordinary case, it is permissible to exhibit the wounds of the injured party to the jury, since their very nature and seriousness are a vital part of the State's case, and they are clearly relevant to show the intent and fury with which the defendant acted in making them and also the power, force, and effect of the weapon that he may have used; and in all cases the State should be entitled to exhibit such wounds unless there is no issue in the case which may be proved or tended to be proved by their introduction or some extraordinary reason forbids such exhibition, as where an operation has definitely changed their nature and appearance. Graves v. State, 58 Crim. 42, 124 S.W. 676; Chapman v. State, 66 Crim. 489, 147 S.W. 580; King v. State, 117 Crim. 43, 36 S.W.2d 490

(dissenting opinion); Harris v. State, 106 Crim. 539, 293 S.W. 822; Townsend v. State, 130 Crim. 202, 93 S.W.2d 156."

See also, Crawford v. State, Tex.Cr.App., 412 S.W.2d 57; Salazar v. State, Tex.Cr. App., 397 S.W.2d 220; Grims v. State, 158 Tex.Cr.R. 35, 253 S.W.2d 52.

We hold that such evidence was competent, material, and relevant to the issue of an assault. Such evidence is admissible during the trial, either on the issue of guilt or punishment. A verbal description of an assault is admissible; therefore an exhibition of the scars resulting therefrom is admissible. No error is shown. Compare Martin v. State, Tex.Cr.App., 475 S. W.2d 265.

Finally, appellant contends that the indictment and court's charge are fatally defective because they state: " . . . fraudulently attempt to take . . . "; whereas, they should state " . . . attempt to fraudulently take . . . ."

While appellant's suggestion might very well be more acceptable,[1] no motion to quash the indictment[2] nor objections[3] or requested charges[4] appear in the record; therefore, the alleged ground of error, raised for the first time on appeal, is not preserved. Further, the indictment sufficiently complies with Article 21.11, V.A.C.C.P., " . . . to enable a person of common understanding to know what is meant."

There being no reversible error, the judgment is affirmed.

MORRISON, Judge (concurring).

While I agree with the affirmance of this conviction, I must decline to agree with the broad language of the majority opinion relating to the admissibility of the scars. I would dispose of appellant's contention concerning the scars as I did an identical contention in the opinion which I prepared for this Court in the companion case of Jones v. State, Tex.Cr.App., 481 S.W.2d 833.

I concur.

---

1. See, e. g., Willson's Texas Criminal Forms Annotated, 7th Ed., Section 1504, and Jury Charges For Texas Criminal Practice, Revised Ed., (1967) p. 31, by McClung.

2. See, e. g., Bowker v. State, Tex.Cr.App., 481 S.W.2d 141.

