Antonio Garcia **JOJOLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 11–81–002–CR.

Court of Appeals of Texas, Eastland.

Oct. 29, 1981.

Discretionary Review Refused Jan. 27, 1982.

Rosendo Rodriguez, Jr., Anderson, Anderson & Rodriguez, Wichita Falls, for appellant.

Russell L. Carroll, Dist. Atty., Sweetwater, Lonnie Markley, Asst. Dist. Atty., Colorado City, for appellee.

DICKENSON, Justice.

Antonio Garcia Jojola was convicted by the jury for the offense of criminal attempt to murder. The jury also found that he had a prior felony conviction, for aggravated assault with a deadly weapon, and assessed his punishment at confinement for life and a fine of $5,000. Sentence was pronounced on February 27, 1981. Jojola appeals.[1] We affirm.

Appellant has briefed six grounds of error. The first ground claims error by the trial court because the victim, Danny Terry, was permitted to remove his shirt in the presence of the jury, allowing them to view the scars from the shotgun blast and the scars from the surgery performed to save the victim's life.[2] This ground of error is overruled. See *Lydia v. State*, 486 S.W.2d 791 (Tex.Cr.App.1972).

The second ground asserts trial court error in overruling Appellant's motion for instructed verdict of not guilty "inasmuch as the State failed to prove by a preponderance of the evidence that venue of the case was properly laid in Fisher County, Texas." That motion did not mention venue.[3] We hold that this motion is not sufficient to make an issue of venue in the court below. As required by Tex.Code Crim.Pro.Ann. art. 44.24 (Vernon 1979; and 1981 Tex.Gen. Laws, ch. 291, § 133, at 816), we "presume that the venue was proved in the court below."

The third ground asserts reversible error because the trial court refused to grant a mistrial when the State's witness, Juan Ramos, answered that a potential defense witness, Charles Thomas Cole, had given Ramos crystal or methamphetamine on the date of the attempted murder for which Appellant was convicted. The jury was instructed to disregard this testimony.

---

1. No complaint has been made that this appeal was filed in this Court rather than the Court of Criminal Appeals. The District Judge refused a new trial on September 4, 1981. This Court of Appeals was given appellate jurisdiction over criminal cases appealed from Fisher County, effective September 1, 1981. See 1981 Tex. Gen.Laws, ch. 291, § 149, at 820.

2. Danny Terry testified that he was shot by Appellant on April 26, 1980. Dr. Tom Ahrend testified that he treated Danny Terry in the early morning hours of April 27 for a shotgun wound to the chest and left arm. Dr. Ahrend removed the entire left lung because it had been perforated in so many places. Dr. Ahrend said that Danny Terry is fortunate to be alive.

3. It only urged that "the evidence is insufficient as a matter of law to sustain conviction on all of the elements of the offense charged in the indictment." Appellant's brief admits that he purposely made the motion vague so as not to encourage the State to reopen and make up its deficiency in proof of venue.

This ground of error is overruled. Cole did not testify, and Appellant did not perfect a bill of exception to show what his testimony would have been. The appellate courts cannot accept as fact the allegations or assertions of a brief which are not supported by the record. See *Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr.App.1975).

The fourth and fifth grounds of error challenge the admission, during the punishment phase of the trial, of portions of the "penitentiary records" from Appellant's prior confinement. We do not agree with the State's contention that, as to these two grounds of error, "Appellant has simply preserved nothing for review as no objection was made when Appellant's pen packet was offered into the evidence." See *Robinson v. State*, 550 S.W.2d 54, at 59 (Tex.Cr.App.1977), and Tex.Code Crim.Pro.Ann. art. 40.09(6)(d)(3) (Vernon 1979) which clearly provides:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury.

■ Ground four claims reversible error because the penitentiary records contained a copy of the judgment in Cause No. 12,-231–A, *State v. Antonio Garcia Jojola,* in the 42nd District Court of Taylor County, Texas, which showed the charge as "Aggravated Assault with a Deadly Weapon" with a second count of "Resisting Arrest by Using a Deadly Weapon." That judgment further recites:

> (T)he Court finds the Defendant to be guilty of the charge in the Indictment filed herein, to which the Defendant entered his plea of guilty and finds the Defendant to be guilty of the offense of Aggravated Assault with a Deadly Weap-

on, the 1st Count of the Indictment herein, committed on September 27, 1977. Appellant objected to this portion of the penitentiary records as mentioning an extraneous offense which had not resulted in a final conviction.[4] This objection was preserved for review under Article 40.-09(6)(d)(3), supra, and we have considered it on its merits. We do not agree that the "second count" of the indictment was an extraneous offense. The indictment in 12,-231–A, supra, states:

> (O)n or about the 27th day of September, 1977 . . . Antonio Garcia Jojola did then and there unlawfully, intentionally and knowingly use a deadly weapon, to-wit: a gun, that in the manner of its use and intended use was capable of causing death and serious bodily injury and did then and there threaten Greg Garner with imminent bodily injury by use of said deadly weapon. . . .

The second count of that same indictment states:

> (O)n or about the 27th day of September, 1977 . . . Antonio Garcia Jojola did then and there unlawfully, intentionally and knowingly by using force against Greg Garner, prevent and obstruct Greg Garner, a person Antonio Garcia Jojola knew to be a peace officer, to-wit: a police officer for the City of Abilene, from effecting the arrest and search of the said Antonio Garcia Jojola, and the said Antonio Garcia Jojola did then and there to resist said arrest and search use a deadly weapon, to-wit: a gun. . . .

■ Comparing the two counts of the indictment, it is clear that no extraneous offense was shown. Both counts refer to the same date, September 27, 1977; the same victim, Greg Garner; and the same deadly weapon, a gun.

■ Ground of error number 5 claims reversible error because the penitentiary finger print record shows under "Scars & Marks" an entry that the inmate had:

---

4. *Ramey v. State*, 575 S.W.2d 535 (Tex.Cr.App. 1978), and *Sherman v. State*, 537 S.W.2d 262 (Tex.Cr.App.1976), make it clear that extraneous offenses which have not resulted in convic-

tion should not be mentioned during the punishment phase of a criminal trial. See Tex. Code Crim.Pro.Ann. art. 37.07(3)(a) (Vernon 1981).

*"Needle track insd bend both arms,* cut scar ring fgr lft hand, frt both knees, other scars." (Emphasis added) Appellant objected to this entry as mentioning an extraneous offense and branding him as a drug user. We have also considered this ground of error on its merits, and it is overruled. The reference to "needle tracks" did not necessarily allege an extraneous offense, and it was a legitimate part of the identification records. Moreover, we note that no mention of this entry was made by the State in its argument to the jury.

██ The last ground of error asserts cumulative error which denied the appellant a fair trial. The trial judge sustained numerous objections and when requested, instructed the jury to disregard each of the 16 matters argued under this ground of error. We agree with the trial judge that the motions for mistrial were properly overruled. This ground of error is overruled.

The judgment of the trial court is affirmed.