Byron Keith WOLFORD, Appellant,

v.

STATE of Texas, Appellee.

No. A14–83–031CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1983.

Discretionary Review Refused
June 13, 1984.

Allen C. Isbell, Houston, for appellant.

Eleanor Montague-McCarty, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Byron Keith Wolford, appeals from a judgment of conviction of attempted murder. After a jury trial, the jury assessed punishment at 15 years in the Texas Department of Corrections. We affirm.

Appellant brings four points of error on appeal. In point of error one, appellant alleges that the trial court erred in overruling his objection to the jury charge and refusing to charge the jury on the law of voluntary manslaughter, because the evidence raised the issue of voluntary manslaughter. Point of error two alleges that the trial court erred in allowing, over appellant's objection, witness, Jerry Rumley, to show his wounds and surgical scars to the jury, because the nature and seriousness of his wounds were not in issue and their exhibition inflamed the minds of the jury.

Points of error three and four involve the State's introduction of extraneous offenses into the case. Point of error three complains that the trial court erred in overruling appellant's motion for a mistrial due to the State's introduction of testimony that appellant smoked marijuana. Point of error four asserts that the trial court erred in allowing the State to tell the jury of the extraneous felony offense of carrying a gun into an establishment licensed to sell alcoholic beverages.

Around noon on May 19, 1982, appellant went to the Silhouette Lounge. He remained there for over twelve hours, until early the morning of May 20, 1982. During this time, he drank with the topless dancers that worked in the bar, and only left once to eat and change clothes. Appellant testified that later in the evening he felt that the attitudes of the male employees became unfriendly towards him.

At about 1:30 a.m., appellant went to the door to leave. As he was leaving he saw someone else entering and stepped aside. He turned to his left and saw the midsection of a man coming toward him and making a motion from his waist or belt. This man was Jerry Rumley, the doorman. When he saw this motion, the appellant testified, he got his gun from his belt and pointed it in that person's direction. Appellant testified that someone grabbed him from behind, forced his arm down and caused the gun to go off. Contrary to appellant's testimony, Rumley testified that when appellant approached the door he pointed a cocked gun at Rumley and said, "Are you the one that ruined my evening?" Rumley said he then walked away to retreat and appellant said, "Come back here, mother-fucker," and then shot Rumley in the back.

The man who grabbed appellant from behind was John Basinger, the manager of the lounge. Basinger testified that Basinger grabbed appellant after appellant shot Rumley. Appellant testified he shot and meant to shoot Basinger. He said that after he shot Basinger, he saw movement and spun around and shot again. This shot hit the complainant, Fred Riebe, the lounge disc jockey who testified that he ran toward appellant and threw his crutch at him to get him to stop shooting Basinger, who Riebe said he saw appellant shoot a second time as Basinger lay on the floor. Riebe, at the time, was on crutches because of a sprained ankle. The crutch he threw missed appellant, who then shot Riebe. The bullet entered under Riebe's left arm, hit his spinal cord and lodged against a broken rib in his back. Riebe's legs were permanently paralyzed as a result.

Appellant and another witness, Kevin Scott Young, testified that after the incident appellant casually and calmly left the lounge. Appellant denied shooting Rumley, testified that he never saw a gun other than his own, and that on his way to south Texas from Houston, he threw that gun into the Gulf of Mexico.

In point of error one, appellant complains that the trial judge should have instructed the jury on the law of voluntary manslaughter. Tex.Penal Code Ann. § 19.-04(a) (Vernon 1974) reduces murder to voluntary manslaughter if "he caused the death under the immediate influence of sudden passion arising from adequate cause." The charge on the lesser included offense of voluntary manslaughter is mandatory only when there is evidence that the defendant performed his act of killing under the immediate influence of sudden passion arising from an adequate cause. *Hobson v. State*, 644 S.W.2d 473 (Tex.Crim. App.1983).

While appellant testified that he was "in fear" during the incident, the record does not indicate that appellant shot Riebe under the sudden passion required to invoke necessity of a jury charge on voluntary manslaughter. Appellant testified that he intended to shoot Basinger and that he casually left the bar after the shootings. Even if appellant was "in fear", he regained his control by the time he shot Basinger and Riebe. The record does not indicate that appellant acted because of fear that rose to the level of terror sufficient to render his mind incapable of cool reflection. *Daniels v. State*, 645 S.W.2d 459 (Tex.Crim.App.1983). Furthermore, bartender, Kevin Young testified that appellant appeared calm.

There was no error in the trial court's refusal to charge the jury on the law of voluntary manslaughter. We overrule point of error one.

Point of error two asserts that the court's allowing Rumley to show his wounds and surgical scars served only to inflame the minds of the jurors. This evidence, however, was relevant to appellant's claim of self-defense. Appellant claimed to have shot Rumley in the midsection as Rumley came towards him. Others, however, testified that appellant shot Rumley in the back after he turned away to retreat.

The trial court charged the jury on the law of self-defense, and the location of Rumley's wounds was admissible because it was relevant to the self-defense issue. *Lydia v. State*, 486 S.W.2d 791 (Tex.Crim. App.1972). We overrule point of error two.

In point of error three, appellant asserts that the trial court erred in refusing to grant a mistrial based on the State's introduction of appellant's extraneous offense of smoking marijuana. On direct examination, appellant testified that he did not take drugs. On cross-examination appellant testified, without objection, that he was not thinking about marijuana when he testified that he did not take drugs, and that he had smoked marijuana. The court sustained appellant's attorney's objection "to going any further along those lines."

The State then introduced, through witness, Kenneth Wyley, a minor in whose parents' home appellant lived, evidence that appellant and others smoked marijuana at home. The trial court sustained appellant's objection to the introduction of the extraneous offense of smoking marijuana in the presence of a juvenile and instructed the jury to disregard the testimony, but he overruled appellant's motion for a mistrial. This refusal was not in error.

First, the objection appellant now makes is that an extraneous offense of smoking marijuana was proven. At trial, however, the objection was to the introduction of the extraneous offense of smoking marijuana in the presence of a juvenile. Grounds of error on appeal that do not comport with the issues raised at trial are not preserved for review. *Schneider v. State*, 645 S.W.2d 463 (Tex.Crim.App.1983).

Second, appellant himself testified, without objection, that he smoked marijuana. Objection to evidence already proven without objection does not preserve error for appeal. *Granviel v. State*, 552 S.W.2d 107 (Tex.Crim.App.1977).

Third, any error due to the testimony complained of was cured by judge's instruction to the jury to disregard. We overrule point of error three.

Finally, in point of error four, appellant complains that the trial court erred in allowing the State to tell the jury about the

extraneous offense of carrying a gun into an establishment licensed to sell alcoholic beverages. Previous testimony, without objection, established that appellant had the gun in the establishment, but appellant objected to the State telling the jury that this act was also a felony and getting appellant to admit that he knew it was a felony, because these factors tended to show that appellant had a criminal disposition.

Assistant District Attorney Davenport informed the court, out of the jury's presence, that she asked these questions to show appellant's intent in carrying the gun to the bar in the first place. Previously she had asked, in line with his theory of growing unfriendliness, if he left to get the gun out of fear. Appellant said he had the gun when he first arrived.

Because proof of this extraneous offense was relevant to negate the theory of voluntary manslaughter it was admissible. *Lydia v. State*, 486 S.W.2d 791 (Tex. Crim.App.1972), and because it was admitted without objection before appellant objected to its admission, appellant preserved no error for review. *Granviel v. State*, 552 S.W.2d 107 (Tex.Crim.App.1977). We overrule point of error four.

Accordingly, we affirm the judgment of the trial court.