**Opinion issued February 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00420-CR

————————————

**LARRY DARNELL EAGANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1614756**

---

## MEMORANDUM OPINION

Appellant Larry Darnell Eagans was indicted for the offense of assault on a person with whom he had a dating relationship. *See* TEX. PENAL CODE § 22.01(a), (b)(2)(A). The indictment was enhanced by allegations that he had previously been convicted of two felony offenses. Eagans pleaded guilty to the indicted offense,

and he pleaded true to two prior offenses: burglary of a habitation, for which he was convicted on June 5, 2012, and retaliation, for which he was convicted on November 17, 2017. The trial court deferred adjudication and placed him on community supervision for two years. The State subsequently filed a motion to adjudicate his guilt. Following a hearing, the trial court revoked Eagans's community supervision, adjudicated him guilty, and assessed his punishment at 25 years' confinement.

On appeal, Eagans argues that the evidence was legally insufficient because there was a fatal variance between the allegations in the motion to adjudicate and the evidence at trial. In particular, he argues that the motion to adjudicate did not give him fair notice of the alleged violations because it was not sufficiently specific.

We hold that Eagans's assertion that there was a fatal variance was not preserved for appeal, and even if it were, the record does not demonstrate the existence of a fatal variance. We affirm the judgment of the trial court.

## Background

Eagans was placed on deferred adjudication community supervision on August 5, 2019.[1] In November 2020, the State filed a motion to adjudicate, which

---

[1] The order of deferred adjudication specifically referenced an attached firearm admonishment, which advised Eagans that he was not permitted to possess a firearm.

alleged 13 violations of the terms and conditions of community supervision. In September 2022, prior to the trial court's ruling on the motion, the State amended the motion to adjudicate. The amended motion alleged 16 violations, including six allegations that Eagans had committed a criminal offense. Among these alleged criminal violations was the allegation that he committed the "criminal offense of Felon Poss WPN." Eagans did not file a motion to quash the motion to adjudicate.

The trial court held an evidentiary hearing on the motion to adjudicate. During the hearing, three Houston Police Department officers testified that on May 19, 2020, Eagans was stopped for a traffic infraction, and a gun was found in the car he was driving. Eagans was the only person in the vehicle at the time of the stop. Officer Schwartz testified that the firearm was found in plain view, between the driver's seat and the center console, within reach of a person sitting in the driver's seat. He identified Eagans at trial, and he testified that the gun he recovered was a real firearm ("a Glock 42"), and that it was not found in Eagans's home. Houston Police Department Officer V. Zaunbrecher, who initiated the traffic stop, testified that Eagans was aware that the firearm was in the vehicle. Eagans told Officer Zaunbrecher that he wanted to "clear this up" and said that the gun belonged to his mother.

The trial court granted the State's motion to adjudicate and sentenced Eagans to 25 years' imprisonment. The trial court made the following findings in its judgment:

> After hearing and considering the evidence presented by both sides, the Court **finds the following**: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of **2 YEARS**; (4) The Court assessed a fine of $N/A; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's **AMENDED** Motion to Adjudicate Guilt, as follows:
>
> ON OR ABOUT 10/24/2019 THE DEFENDANT UNLAWFULLY COMMITTED THE CRIMINAL OFFENSES: ASSAULT-BODILY INJURY, CRIMINAL MISCH>=100<750.
>
> ON 05/19/2020 UNLAWFULLY COMMITTED THE CRIMINAL OFFENSE OF FELON POSS WPN.
>
> ON 08/04/2020 THE DEFENDANT UNLAWFULLY COMMITTED THE CRIMINAL OFFENSE OF EVADING ARREST/DETENTION W/VEH.
>
> Accordingly, the Court **grants** the State's Motion to Adjudicate. **finding** that the Defendant committed the offense indicated above, the Court **adjudges** Defendant **guilty** of the offense. The Court **finds** that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Proc.

Eagans appealed.

**Analysis**

On appeal, Eagans raises one issue, challenging the legal sufficiency of the evidence by arguing that there were fatal variances between the allegations in the Amended Motion to Adjudicate and the evidence admitted at the hearing. He argues that due to the fatal variances, he did not have fair notice of the allegations against him.

## I. Standard of review

We review a motion to adjudicate guilt in the same manner as a motion to revoke community supervision. *See Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012) (holding that hearings on motion to adjudicate guilt are subset of revocation hearings). We review a trial court's decision to adjudicate guilt and revoke community supervision using an abuse of discretion standard. *Id.* at 576. We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (opinion on appellant's petition for discretionary review). The trial court "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

The State bears the burden to prove by a preponderance of the evidence that appellant violated a condition of his community supervision. *Id.* at 864–65. This burden is met if the greater weight of the credible evidence creates a reasonable

5

belief that appellant violated a condition of his community supervision. *See Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). Only one sufficient ground is necessary to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

Because only one sufficient ground is necessary to affirm a trial court's decision to grant a motion to adjudicate, we focus our analysis on the allegation that Eagans was unlawfully in possession of a firearm.

## II. Allegation of fatal variance is waived and, in any event, immaterial.

Eagans argues on appeal that there was a fatal variance between the offenses alleged in the motion to adjudicate and the proof offered at the revocation hearing. Specifically, he argues that the allegation that he illegally possessed a weapon did not provide the timing element required by the statute for a felony conviction and that the State did not present evidence to support the timing element at the adjudication hearing. *See* TEX. PENAL CODE § 46.04(a)(1), (2) (stating timing elements for offense of unlawful possession of firearm by felon).

### A. Motion to adjudicate

At a motion to adjudicate proceeding, the defendant need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–90 (1973); *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This is so because the

6

defendant's guilt is not at issue; the trial court is not concerned with determining the defendant's original criminal culpability. *Moore*, 11 S.W.3d at 499. "The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of guilt." *Id.*

A defendant is entitled to a written motion to revoke that fully informs him of the violation of a term or condition of community supervision which he is alleged to have breached. *Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977); *Moore*, 11 S.W.3d at 499–500. It need not meet the particularities of an indictment, information, or complaint; all that is required is that the motion to revoke fully and clearly set forth the basis on which the State seeks revocation so that a defendant and his counsel have notice. *Leyva v. State*, 552 S.W.2d 158, 162 (Tex. Crim. App. 1977).

### B.    Fatal variance

The fatal variance doctrine stands for the proposition that a variance between the indictment and the evidence at trial may be fatal to a conviction because due process guarantees the defendant notice of the charges against him. *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). A fatal variance between an indictment and the evidence presented at trial occurs when the evidence presented at trial is so different from the allegations in the indictment that the defendant was deprived of the required notice of the nature of the accusation against him. *See*

*Gollihar v. State*, 46 S.W.3d 243, 257–58 (Tex. Crim. App. 2001). A variance is fatal only when it is material, and it is material only when it misleads a defendant to his prejudice or surprise. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

"The fatal variance doctrine is applicable to revocations of community supervision," as well as to motions to adjudicate. *Moore*, 11 S.W.3d at 499; *see Velez v. State*, No. 05-16-00571-CR, 2017 WL 2774446, at *1–3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.; not designated for publication) (applying fatal variance doctrine to motion to adjudicate).

### C.     Preservation of error

Generally, appellate courts will not consider any error that defense counsel could have, but did not, call to the trial court's attention at a time when such error could have been avoided or corrected. *See, e.g.*, *Rogers v. State*, 640 S.W.2d 248, 263 (Tex. Crim. App. 1981) (opinion on State's second motion for rehearing) (holding that defendant waived his due process objection when he failed to present it to trial court). A failure to object to constitutional errors waives appellate review. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Neal v. State*, 150 S.W.3d 169, 175, 178 (Tex. Crim. App. 2004) (concluding that due process claim not preserved because appellant failed to raise claim in trial court); *Alexander v. State*, 137 S.W.3d 127, 130–31 (Tex. App.—Houston [1st Dist.]

2004, pet. ref'd) (failure to object to trial court's alleged violations of federal and state due process rights waives appellate review of those claims). Appellant cannot complain on appeal that the trial court deprived him of due process when he failed to make a timely due process objection. *See* TEX. R. APP. P. 33.1; *Williams v. State*, No. 01-18-00152-CR, 2019 WL 2528187, at *7 (Tex. App.—Houston [1st Dist.] June 20, 2019, no pet.) (mem. op.; not designated for publication) (stating that party must object as soon as grounds for complaint become apparent).

### D.     Fatal variance complaint is waived.

Eagans argues on appeal that the motion to adjudicate failed to give him fair notice of the allegations against him and, therefore, there was a fatal variance between the allegations in the motion to adjudicate and the evidence presented at the adjudication hearing. He did not make this complaint known to the trial court. He did not file a motion to quash the motion to adjudicate. Therefore, we conclude that he failed to preserve this complaint, and his issue on appeal leaves nothing for our review. *See Bowker v. State*, 481 S.W.2d 141, 142 (Tex. Crim. App. 1972) (overruling issue asserting fatal variance when defendant did not file motion to quash); *Caldwell v. State*, No. 08-01-00036-CR, 2002 WL 831158, at *6 (Tex. App.—El Paso May 2, 2002, pet. ref'd) (mem. op.; not designated for publication) (holding that challenge to indictment not preserved when defendant argued fatal variance existed).

9

## E.    Alleged discrepancy is immaterial.

Moreover, even if we assume that Eagans had properly preserved his challenge to the lack of notice in the motion to adjudicate, we would nevertheless find that there was no fatal variance in this case.

Eagans pleaded guilty to the offense of assault on a person with whom he previously had a dating relationship. When he pleaded guilty, he also pleaded true to two enhancement paragraphs, which alleged that prior to the commission of the indicted offense, he was finally convicted of the felony of burglary of a habitation in June 2012, and that after the burglary of a habitation conviction and before the indicted offense, he was convicted of the felony offense of retaliation in November 2017.

Texas Penal Code § 46.04 makes it an offense for a person who has been convicted of a felony to possess a firearm. TEX. PENAL CODE § 46.04. Under the statute, a convicted felon commits an offense by possessing a firearm anywhere before the fifth anniversary of his release from confinement or supervision. *Id.* § 46.04 (a)(1). After the fifth anniversary of his release from confinement or supervision, a convicted felon commits an offense by possessing a firearm anywhere other than his home. *Id*. § 46.04 (a)(2). The evidence admitted at the adjudication hearing was that Eagans was found in possession of a firearm in his car, not in his home. This behavior would satisfy either subsection of section

46.04(a), making the failure to allege how many years had passed since his release from confinement or supervision for a felony immaterial. *See Santana*, 59 S.W.3d at 194. We overrule Eagans's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.